JOSEPH B. PHIPPS *vs.* ALVIN H. BACON.

Suffolk.   January 12, 1903. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Pleading, Civil,* Declaration.  *Evidence,* Materiality.  *Assignment.  Practice, Civil,* Exception.

In an action brought in his own name by the assignee of a cause of action, it is too late, after an assignment in writing has been put in evidence without objection from the defendant, for the defendant to object that the declaration is defective in not setting forth that the assignment was in writing.   If this is a defect, the objection to it should be taken by demurrer.

Where it is admitted that the full amount claimed by a plaintiff, suing as assignee of a cause of action, was due to the assignor, unless there had been an accord and satisfaction, the question what consideration the plaintiff gave for the assignment is immaterial.

The exclusion of a question is no ground for exception where it does not appear what answer was expected.

CONTRACT, for compensation for desk room in the office of M. L. Sanborn on Tremont Row in Boston from May 1, 1896, to

May 1, 1897, alleging an assignment of the claim from Sanborn to the plaintiff. Writ in the Municipal Court of the City of Boston dated July 27, 1900.

On appeal to the Superior Court the case was tried before *Richardson*, J. No copy of the assignment was annexed to the declaration, and the declaration did not state whether the assign-' ment was oral or in writing, but an assignment in writing in the common form was put in evidence.

Sanborn was called by the plaintiff as a witness, and on cross-examination was asked by the defendant what was the consideration for the assignment to the plaintiff. The judge excluded the question. The defendant admitted that the full amount of the claim was due to Sanborn unless there had been an accord and satisfaction.

The jury found for the plaintiff in the sum of $109.68; and the defendant alleged exceptions.

*O. Storer*, for the defendant.

*G. V. Phipps & A. R. Shrigley*, for the plaintiff, were not called upon.

HAMMOND, J. 1. The declaration set forth the cause of action and alleged that it had been assigned to the plaintiff. If the declaration was defective in not setting forth that the assignment was in writing, and the defendant desired to take advantage of the informality, he should have done so by demurrer. After the trial on the merits was begun and the written assignment put in evidence without objection from him, it was too late.

2. The defendant admitted that the full amount of the claim was due to Sanborn unless there had been accord and satisfaction, and the case went to the jury only upon the question whether there was such a satisfaction. Upon this question the amount for which Sanborn assigned the claim was immaterial. Moreover it does not appear what answer the defendant expected to get, and therefore it does not appear that he was harmed by the exclusion of the question.

*Exceptions overruled.*