FLORENCE E. KENNON vs. HARVEY N. SHEPARD, trustee.

Suffolk.     March 2, 1920. — May 21, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

Contract, In writing, Construction. Landlord and Tenant, Construction of lease.
Practice, Civil, Report. Words, "Him."

At the opening of the trial of an action upon a lease in writing by the lessee against
the lessor, the plaintiff read the pleadings to the jury and offered the lease in
evidence. The declaration contained an allegation that the defendant failed to
perform a covenant on his part to provide heat for the premises. The lease,
while providing that the lessor should provide heat, contained a provision that
the lessor should be without liability "for the stopping thereof." The defend-
ant, after the reading of the lease, moved that a verdict be ordered in his favor.
The judge granted the motion and reported the case to this court for determina-
tion "upon the pleadings and upon the written lease, with the agreement of
counsel that" this court should "make such disposition of the case as the law
and facts warrant." It did not appear that any offer of proof was made relating
to a construction of the provisions of the lease. Held, that it was not open to the
plaintiff to contend that he should have been permitted to offer evidence show-
ing what construction the parties to the lease by their conduct had placed upon
the provision as to heating.

The first draft of a lease in writing contained a provision, immediately following
the description of the premises, reading, "Including the heating of the said
premises, and the use of the elevators in common with others, so far as the same
may be run by the said lessor, but without any liability to him therefor, and
without abatement of rent for the stopping thereof." Before the instrument
was executed, the words "and the use of the elevators in common with others"
were stricken out. In an action by the lessee against the lessor for damages re-
sulting from a failure to supply heat, it was held, that

(1) The words stricken from the contract before its execution could not be
restored and could not be used in its construction;

(2) The fair import of the words used was that, while the lessor promised to
heat the premises, he was to be under no liability in case he failed to do so;

(3) No rule of law prevented the making of such an agreement;

(4) The word "him" in the clause, "without liability to him," referred to the
lessee.

CONTRACT by the assignee of one David H. Cohen, the lessee
named in a lease by the defendant of the premises numbered 997
on Washington Street in Boston, the declaration alleging "that
the defendant failed to perform the terms, conditions and cove-
nants on his part to be performed and failed to provide heat for
the said premises, which under the terms of the said lease he was

bound to provide, in consequence of which the said Cohen was unable to habitate and carry on his said business during the fall of 1917 and the winter months at the end of 1917 and the early winter months of 1918." Writ dated April 20, 1918.

In the Superior Court the action was tried before *Morton*, J. The record states: "The pleadings were read to the jury, and the lease offered in evidence, whereupon the defendant requested that a verdict be ordered for the defendant." The judge granted the motion and ordered a verdict for the defendant "upon the ground that the defendant by the terms of the written lease had exempted himself from liability for failure to heat," and reported the action to this court "upon the pleadings and upon the written lease, with the agreement of counsel that" this court should "make such disposition of the case as the law and facts warrant."

*J. J. O'Connor*, for the plaintiff.

*M. A. Scanlon*, for the defendant.

JENNEY, J. The plaintiff seeks to recover damages for failure to heat premises occupied by him as lessee of the defendant. The lease, as originally drafted, contained the following words inserted immediately after the description of the demised premises: "Including the heating of the said premises, and the use of the elevators in common with others, so far as the same may be run by the said lessor, but without any liability to him therefor, and without abatement of rent for the stopping thereof." The words "and the use of the elevators in common with others" were stricken out before signing by a line drawn through them, and the lease as so modified was then executed. It was agreed at the argument that the lease was in force during the time involved in this action, because of a provision as to its continuance from year to year, which is not printed in the report. The case is considered on this basis.

The plaintiff contends that the instrument must be construed as creating an unqualified obligation to heat the leased premises; and that if it cannot be so considered on its face, evidence should have been admitted showing the construction of this provision by the parties.

The latter contention may be disposed of shortly. No offer of proof was made, and it does not appear, and cannot be assumed, that the judge did not permit the plaintiff to present for considera-

tion any evidence properly bearing on the question of the construction of the lease. *Warren* v. *Spencer Water Co.* 143 Mass. 155. *Cook* v. *Enterprise Transportation Co.* 197 Mass. 7.

The words eliminated from the contract before its execution cannot be restored; and they cannot be used in its construction. See *Straub* v. *Screven*, 19 S. C. 445; *Watson* v. *Paschall*, 93 S. C. 537. There is no right to strike out a material term from a contract in order to uphold it. It is well settled that where there are inconsistent provisions, the one requiring something to be done may be given greater consideration than the other which defeats a full performance; and that while repugnant words may sometimes be rejected, such a result is only to effectuate the evident purpose of the entire instrument, and such words are not to be considered immaterial where they are susceptible of a construction which is consistent with the rest of the contract and which gives effect to all of its terms. *Morrill & Whiton Construction Co.* v. *Boston*, 186 Mass. 217. *Ferguson* v. *Union Mutual Life Ins. Co.* 187 Mass. 8. The fair import of the words used is that, while the lessor promised to heat the premises, there was to be no liability in case he failed to do so. The subject is included in one short sentence. The limitation was not an attempt to defeat the entire lease, but only liability which might otherwise have arisen from one of its terms.

No rule of law prevents the making of such a contract. *Furnivall* v. *Coombes*, 5 M. & G. 736, *Williams* v. *Hathaway*, 6 Ch. D. 544, and *Watling* v. *Lewis*, [1911] 1 Ch. 414, are not in accord with our decisions. These cases decide that words destroying the personal obligation of a contract are to have no effect, and are to be disregarded. See also *Vickers* v. *Electrozone Commercial Co.* 38 Vroom, 665. They are inconsistent with our decisions holding that a party to a contract may limit his personal responsibility. See *Carr* v. *Leahy*, 217 Mass. 438, and cases cited.

The word "him" in the clause "without any liability to him" evidently refers to the lessee, as it is used in connection with the definition of his rights under the lease. *Greenough* v. *Phoenix Ins. Co. of Hartford*, 206 Mass. 247. *Goodman* v. *Telfer*, 230 Mass. 157.

It follows that the verdict for the defendant was directed rightly, and that judgment must be entered thereon; and it is

*So ordered.*