## Henry H. Ryder *vs.* Merton F. Ellis.

Plymouth.   November 18, 1921. — March 6, 1922.

Present: Rugg, C.J., Braley, Crosby, Carroll, & Jenney, JJ.

*Practice, Civil*, Exceptions, Conduct of trial.

In an action of contract, the declaration was for an amount alleged to be due as surplus remaining after a sale in foreclosure by the defendant of a mortgage upon real estate owned by the plaintiff. The defendant filed a declaration in set-off in which there was an item of $1,000, alleged by him to have been paid to the plaintiff. The plaintiff, in an answer to the declaration in set-off, alleged that this $1,000 "was to be applied upon a contract for the redemption of the plaintiff's premises after foreclosure of the mortgage held by the defendant, but that the defendant failed to perform his part of that contract in that he never rendered a fair or accurate account of the amount due him so that the plaintiff could know what to pay." It appeared that the defendant had purchased the real estate at the foreclosure sale and had agreed to reconvey it to the plaintiff for $1,000 "in excess of all expenditures incurred" by the defendant "on or in connection with, said property . . . after deducting from said expenditures any sums that" the defendant had received "on said property." The agreement also acknowledged receipt of the $1,000 payable under its terms and required of the defendant an accounting to show "the exact amount" the plaintiff was to pay. At the delivery of the agreement the defendant paid the plaintiff $1,000 in part payment of the balance due him as surplus and the plaintiff repaid it to the defendant as the deposit required by the agreement. At the trial the plaintiff contended that the defendant had not complied with this agreement and that he therefore was entitled to the $1,000, and the action was tried on that issue without objection by the defendant. There was a verdict for the plaintiff, and the defendant alleged exceptions. *Held*, that the defendant was not entitled to claim in this court for the first time that the plaintiff's pleadings were insufficient.

There being evidence, at the trial of the action above described, that there had been no accounting to determine the amount required to be paid by the plaintiff to the defendant under the agreement as to reconveyance, a request for a ruling that on all the material evidence the plaintiff had defaulted upon the contract of sale and that for that reason the defendant must either be allowed a credit of $1,000 to be deducted from the surplus arising from the mortgage sale or be allowed a credit of $1,000 upon his declaration in set-off, properly was refused by the judge.

The agreement above described provided that the plaintiff, in order to be entitled to a reconveyance, should reimburse the defendant for certain amounts due from the plaintiff "to certain creditors which have been paid by said" defendant for the plaintiff "and which were duly assigned to" the defendant. The defendant procured assignments of the claims specified and claimed credit for their full face value. There was evidence tending to show that the assignments were taken merely for collection, and the jury in answer to a special question found that the defendant did not pay for them the sums claimed by the defendant. The defendant asked for a ruling that the assignments all were valid and that their validity could not be questioned by the plaintiff in

the action. The judge charged the jury that the assignments were valid in form and that the plaintiff owed the amounts stated therein to the persons named therein and refused the ruling requested. *Held,* that

(1) The express agreement of the plaintiff to pay the claims was founded on their having been paid by the defendant and not upon their mere assignment to him;

(2) The defendant was not entitled to enforce the assigned claims in set-off by reason of the fact that he was not the sole beneficial owner of them;

(3) The statutory provisions respectively permitting an assignee by written instrument of a non-negotiable chose in action to sue thereon in his own name, providing for the setting up of equitable defences in actions at law, and governing the set-off of judgments and executions, did not help the defendant;

(4) The defendant was not entitled to credit for the amount of the claims either in the main action, as tried, or under the declaration in set-off;

(5) Evidence was admissible on the question of how much the defendant had paid for the assignments;

(6) The defendant was not harmed by the refusal of the ruling requested.

At the trial above described there was evidence that the attorney for the plaintiff said to the attorney for the defendant that if a third attorney, who then was representing only the wife of the plaintiff, was satisfied with an account that had been rendered by the defendant, it would be satisfactory to him. The defendant asked for a ruling that upon all the evidence the third attorney was acting as the plaintiff's agent in an accounting at the office of the defendant's attorney. The ruling was refused. *Held,* that the ruling properly was refused.

An exception to the exclusion of a question put to a witness must be overruled when the record does not show what answer was expected from the witness.

An exception saved by the defendant at the trial above described apparently referred to two isolated portions of the judge's charge which, taken alone, might have seemed subject to criticism but which, when considered in the light of the remainder of the instructions given, were held to have been substantially correct; and the exception was overruled.

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound judgment and discretion of the trial judge and an exception merely to its denial presents no question of law to this court.

The record upon a bill of exceptions saved by a defendant at a trial comprised fifty-one printed pages. The defendant argued certain exceptions orally or upon his printed brief. The brief concluded with the statement, "Defendant . . . relies on all his exceptions." *Held,* that it was not the duty of this court to search through the record for exceptions which the defendant did not consider of enough moment to warrant argument, and that those not argued orally or upon the brief were treated as waived.

CONTRACT. Writ dated September 16, 1920.

The declaration was in two counts. In the first count the plaintiff alleged that on July 11, 1917 he gave to the defendant a mortgage for $5,000 of his property located on Main Street in the city of Brockton, subject to three mortgages held by the Brockton Savings Bank aggregating $33,500; that on January 18, 1918, the defendant foreclosed the plaintiff's mortgage by

auction sale of the premises, buying the premises himself at the auction for $8,100, subject to the mortgages held by the Brockton Savings Bank and outstanding taxes; that, at the time of the foreclosure sale, the plaintiff owed the defendant on account of the principal sum of the mortgage $5,000, on account of interest from December 11, 1917, to January 18, 1918 at eight per cent per annum, the sum of $41.11, and on account of expenses of the foreclosure sale, $68, in all $5,109.11; that at the time of the sale, the defendant owed the plaintiff a balance on the principal sum of said mortgage loan amounting to $199.82, a sum in the defendant's hands placed there by the plaintiff to apply on current taxes, amounting to $520; a further sum in defendant's hands, being rents collected by the defendant before foreclosure, amounting to $83, in all $802.82; and that the plaintiff owed the defendant on account of the mortgage foreclosed on January 18, 1918, the difference between $5,109.11 and $802.82, or $4,306.29; that the amount received from the foreclosure sale was $8,100, and that the difference of $3,793.71 was received by the defendant in excess of the amount then due from the plaintiff to the defendant under and on account of said mortgage; "and that the defendant owed the plaintiff the sum of $3,793.71 and interest thereon from January 18, 1918." The allegations of the second count were in substance merely that the defendant owed the plaintiff the sum of $3,793.71 with interest thereon from January 18, 1918, under the terms of the mortgage which had been foreclosed on January 18, 1918, "by auction sale of the premises for $8,100 subject to prior mortgages, taxes and assessments."

Beside the answer described in the opinion, the defendant filed a declaration in set-off, claiming amounts to be due him from the plaintiff in accordance with the following items:

"Feb. 5, 1918, paid Henry H. Ryder               $100.00
"Five claims assigned to said Merton F. Ellis
      by five creditors of said Henry H. Ryder,
      as follows: —

| | | |
|---|---:|---:|
| Charles B. Howard | $50.07 | |
| David Irving Co. | 154.10 | |
| Fullerton & Shaw | 214.96 | |
| Gushee & Snow | 38.48 | |
| Loring & Howard | 52.92 | 510.53 |

"March 22, 1918, paid Henry H. Ryder       $1,000.00

"Interest on $5,000 mortgage from Dec. 11, 1917
      to Dec. 22, 1917       12.22

"Foreclosure expenses       68.00

      $1,690.75 "

The plaintiff filed a general denial to the declaration in set-off and also alleged that the five claims aggregating $510.53 declared upon by the defendant were assigned to the defendant for the purpose of collection, and were received by the defendant for the purpose of embarrassing the plaintiff and making more difficult the efforts of the plaintiff to borrow the necessary funds to redeem his property from the mortgage held by the defendant; that the $1,000, claimed in the declaration in set-off as paid to the plaintiff on March 22, 1918, "was to be applied upon a contract for the redemption of the plaintiff's premises after foreclosure of the mortgage held by the defendant, but the defendant failed to perform his part of that contract in that he never rendered a fair or accurate account of the amount due him so that the plaintiff could know what to pay."

The action was tried before *Dubuque*, J. Material evidence is described in the opinion. At the close of the evidence the defendant asked for the following rulings:

"1. Upon all the evidence, material thereunto, plaintiff must be held to have defaulted under his contract with defendant under date of March 22, 1918 and because of said default the defendant must be allowed a credit of $1,000 to be deducted from the surplus arising at the mortgage sale in the plaintiff's suit; or said defendant must be allowed a credit of $1,000 in his declaration in set-off because of said default."

"3. The assignments of the five claims mentioned in the defendant's declaration in set-off are all valid, and the validity of said assignments cannot be questioned by the plaintiff in this suit."

"8. Upon all the evidence J. Howard O'Keefe, Esquire, was acting as the agent of Henry H. Ryder at the accounting between said O'Keefe, Morse, and Willard, at said Willard's office, April 2, 1918."

The foregoing rulings were refused. Subject to an exception

of the defendant, the judge gave the following ruling, asked for by the plaintiff:

"3. That the defendant shall be allowed only such amounts as he actually paid creditors of the plaintiff for their claims, there being no agreement by defendant to pay to said creditors anything unless he received the same from the plaintiff."

Other exceptions saved by the defendant are described in the opinion.

The judge submitted to the jury special questions which they answered as follows:

"1. Did the plaintiff Ryder do all that he was required to do to perform his part of the contract of March 22, 1918?" The jury answered "Yes."

"2. Did the defendant pay or agree to pay anything for the claims of David Irving Co., $154.10; Fullerton & Shaw, $214.96; Loring & Howard, $52.92; total, $421.98?" The jury answered "No."

"3. Should plaintiff Ryder receive interest on the amount of his verdict from the date of the sale, January 18, 1918?" The jury answered "Yes."

In submitting to the jury the second question, the judge instructed them as follows:

"These are the three items in dispute. It is claimed by the plaintiff on these three claims, $421.98, these were the claims assigned to Mr. Ellis. There were more claims than that, but two were eliminated and the question is did he agree to pay anything for the claims. That is, did he simply take the claims for collection? If he simply took the claims for collection and took an assignment and said to these parties, 'If I get the money I will pay you,' that is not an agreement to pay, — it is an agreement to pay on condition, you see.

"'Did the defendant pay or agree to pay anything for the claims of David Irving Company, Fullerton & Shaw, Loring & Howard?' Did he agree to pay independent of whether he gets the money or not? If he did then the answer would be yes. If he did not agree to pay without condition, that is, if he took the claims simply for collection, then the answer would be no to that, because it would not be an agreement to pay, except on condition, and that is not an agreement to pay as I explained to you before."

The jury found for the defendant (plaintiff in set-off) in the sum of $272.65, and for the plaintiff in the sum of $4,099.28; and the defendant alleged exceptions.

*C. G. Willard*, for the defendant.

*M. H. Sullivan*, for the plaintiff.

JENNEY, J. The defendant, Merton F. Ellis, on January 18, 1918, foreclosed under the power of sale contained therein a fourth mortgage for $5,000 upon real estate of the plaintiff, Henry H. Ryder. The plaintiff sues for the surplus remaining after satisfaction of the amount due the defendant under the mortgage, and for other moneys received by the defendant for his use. The answer, so far as now material, was a general denial and payment, the latter defence being set up generally and in detail. The defendant, in a declaration in set-off, also sought judgment for many of the amounts as to which he had specifically pleaded payment.

The defendant had purchased the property at the foreclosure sale for $8,100. Admittedly there was then due him substantially the entire principal of the mortgage, unpaid interest, and foreclosure expenses. He concedes that in addition to whatever surplus remained, the plaintiff was entitled to certain rentals and to money advanced for the payment of taxes which had not been used for that purpose.

On March 22, 1918, the defendant agreed with the plaintiff to re-convey to him the real estate described in the foreclosure deed for $1,000 "in excess of all expenditures incurred" by Ellis "on or in connection with, said property . . . after deducting from said expenditures any sums that said Ellis has received on said property." The agreement further acknowledged the receipt of $1,000 of the amount payable under its terms, and provided that the balance should be paid within thirty days; it also stipulated: "It is to be understood and agreed that an accounting is to be had to show the exact amount which said Henry H. Ryder is to pay said Merton F. Ellis for said conveyance."

At the time of the execution of this contract, Ellis gave Ryder the check of M. F. Ellis and Company for $1,000 in part payment of the balance due Ryder from the surplus upon the foreclosure sale; and Ryder immediately indorsed the check to Ellis who collected it and received the proceeds as the deposit required by and acknowledged in the contract.

At the trial the plaintiff contended that the defendant did not comply with the contract of sale and, for that reason, that he was entitled to recover the $1,000 so paid. He based this claim wholly upon the contention that the defendant had broken the agreement, and the case was tried without objection and without regard to the pleadings upon the basis that his right to recover the amount paid was properly in issue, although the declaration made no such claim. In these circumstances the defendant cannot now for the first time successfully claim that the plaintiff's pleadings were insufficient. *Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70. *Walker* v. *Russell,* 240 Mass. 386.

The plaintiff had a verdict and the case is here upon the defendant's exceptions. The exception first considered is to the refusal of the judge to rule that on all the material evidence the plaintiff had defaulted upon the contract of sale and for that reason the defendant must either be allowed a credit of $1,000 to be deducted from the surplus arising from the mortgage sale or be allowed a credit of $1,000 upon his declaration in set-off. This request was based upon a ruling as to the effect of all the evidence; it raised no question of pleading. Disregarding any other objection thereto, the ruling was properly refused because the assumption contained therein was erroneous. The evidence admitted without objection justified a finding that there had been no accounting to determine the exact amount payable under the agreement of sale, and that this failure had been caused by the defendant.

In his amended declaration in set-off, the defendant averred that he was entitled to recover $510.53 because he was the owner by assignments of the claims of five creditors of the plaintiff. The judge instructed the jury that the plaintiff could be allowed only such amounts as he had actually paid the plaintiff's creditors for their claims. If this contention of the defendant is considered wholly with reference to the agreement for the re-purchase of the real estate, the ruling was sufficiently favorable to the defendant. The agreement provided that Ryder in order to be entitled to a re-conveyance of the real estate should repay Ellis for certain accounts due from Ryder "to certain creditors which have been paid by said Ellis for Ryder and which were duly assigned to said Ellis," and it specified the creditors and the amounts due each.

Very likely the question of the defendant's right to recover under the contract the amounts of these claims is settled by his failure to perform his contract as found by the jury. In any event, the express agreement to pay is founded on the payment of the claims in behalf of the plaintiff and not upon the admitted fact of their assignment to him and the conceded validity of the claims. Properly construed, the defendant at the most under its terms could set off no more than that which he had in fact paid upon the claims, there being no agreement by the defendant to pay to said creditors anything unless he received something from the plaintiff. As to three of the claims the jury specifically found that the defendant had neither paid nor agreed to pay anything. It appears from the judge's charge that the right to set off these three claims was in dispute, the other claims apparently not being in controversy. If the question is examined more broadly under the statute relating to set-off, there was no harmful error. The right of set-off is wholly a creation of statute. *Perry* v. *Pye,* 215 Mass. 403, and cases collected at page 413. Set-off is permitted only in favor of claims the defendant holds "in his own right" or claims of the kind embraced in the statute which have been assigned to him. R. L. c. 174, § 1.  G. L. c. 232, § 1.  In order to avail himself of the statute, the defendant must be the sole beneficial owner of the claim assigned. He must not hold it for the benefit of another. *Gilman* v. *Van Slyck,* 7 Cowen, 469.  *Satterlee* v. *Ten Eyck,* 7 Cowen, 480.  *Olmstead* v. *Scutt,* 55 Conn. 125.  *Proctor* v. *Cole,* 104 Ind. 373.  *Sunter* v. *Warner,* 16 Mich. 390.  *Straus & Brother* v. *Eagle Ins. Co.* 5 Ohio St. 59.  *McDade* v. *Mead,* 18 Ala. 214. See *Sargent* v. *Southgate,* 5 Pick. 312; *Cook* v. *Mills,* 5 Allen, 36. The statutory provisions respectively permitting an assignee by written instrument of a non-negotiable chose in action to sue thereon in his own name, providing for the setting up of equitable defences in actions at law, and governing the set-off of judgments and executions, do not affect this principle. The evidence justified the finding of the jury, and warranted the conclusion that the claims were simply assigned for collection; the instructions given were sufficiently favorable to the defendant.

However, as the judge instructed the jury that the assignments were valid in form and that the amounts stated therein were owed by the plaintiff to the persons named therein, the defendant

suffered no harm in the refusal to give his third request. The exceptions relating to the admission of evidence as to how much the defendant paid for the assignments of these claims and as to the circumstances under which the assignments were made must be overruled, for the reasons already given when considering the effect of these assignments and the amounts for which they were enforceable under both the contract of resale and the general law of set-off. Cases like *Phipps* v. *Bacon,* 183 Mass. 5, and *MacKeown* v. *Lacey,* 200 Mass. 437, are not in point in the conditions here existing.

The defendant's request that upon all the evidence J. Howard O'Keefe was acting as the plaintiff's agent in an accounting at the office of the defendant's attorney was properly refused. It is construed as requesting a ruling of law that he was so acting with authority properly conferred upon him or that his employment afterwards had been ratified. There was evidence that Mr. Ryder's attorney said to the defendant's attorney that if O'Keefe was satisfied with an account that had been rendered by the defendant, it would be satisfactory to him. O'Keefe who was an attorney-at-law then represented only Mrs. Ryder. In the aspect most favorable to the defendant, it could not have been ruled as matter of law that O'Keefe was authorized to act in behalf of Mr. Ryder either by prior authority or subsequent ratification. *Smith* v. *Abbott,* 221 Mass. 326.

A statement of account dated April 2, 1918, was admitted in evidence. A witness was asked: "Now, when Mr. O'Keefe [evidently referring to J. Howard O'Keefe who had represented Mrs. Ryder, and whose authority to act in behalf of the plaintiff was in question] left or was on the point of leaving do you remember his saying anything about that account?" The question having been answered in the affirmative, the witness was asked as to what O'Keefe then said. The defendant's exception to the exclusion of this question cannot be sustained. The question was accompanied with no offer of proof. Other objections to it need not be considered. *Warren* v. *Spencer Water Co.* 143 Mass. 155. *Kennon* v. *Shepard,* 236 Mass. 57.

The defendant also excepted to that "portion of the judge's charge which said [sic] that if the claims assigned tended to swell the account." This restricted exception can relate only to two

isolated parts of the charge. The judge said in substance that if Mr. Ryder did all that he was called upon to do under the circumstances and kept the terms of the contract himself, but was prevented from its performance either because the defendant procured creditors to increase the amount that he was to pay or because he was prevented by the defendant from the performance of the contract in some other way, the plaintiff could recover the $1,000 paid on account of the contract. He further instructed the jury in substance, with reference to the assigned claims, that if Ellis endeavored to secure the payment of the entire amount of these claims in order to prevent the plaintiff from raising sufficient money to redeem his property, and if that conduct contributed to prevent the plaintiff from carrying out his agreement to redeem, and if the plaintiff for that reason could not raise the money necessary in order to redeem, then the plaintiff was entitled to recover the $1,000 paid under the contract.

Wrenched from their context, these statements may seem to be the subject of criticism, but when considered in the light of the remainder of the instructions given, their true meaning and application are obvious. The judge was then considering the effect of the contract of resale upon the rights of the parties, not under the pleadings, but upon the case as tried. Under the agreement the defendant was entitled to be "repaid" for specified accounts due from the plaintiff to third persons if they had been paid by him for the plaintiff. It was in this connection that the judge called the attention of the jury to the claim of the plaintiff that the defendant had in part contributed to the plaintiff's inability to obtain a reconveyance of the real estate by his contention that he was entitled to receive amounts not in fact paid by him and to which he was not entitled under the agreement as a condition of his compliance therewith. The instructions given as to the effect of the contract in the setting in which they were placed were substantially correct. This exception must be overruled.

The denial of the motion for a new trial raised no question of law. The only reason given in the motion was because of newly discovered evidence which wholly related to an allegation contained in a bill in equity brought by the plaintiff against the defendant prior to the institution of this action. The matters set forth in the motion either were within the knowledge of the de-

fendant at the time of the trial or by the exercise of reasonable diligence might have been known to him. No ruling of law was requested or made. The motion plainly was addressed to the discretion of the judge which, so far as the record shows, was properly exercised. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482.

The foregoing are the only exceptions argued orally or upon the defendant's brief, but the brief concludes: "Defendant Ellis relies on all his exceptions." The record comprises fifty-one printed pages. It is somewhat confused and the case was not tried strictly upon the issues raised by the pleadings. It is not the duty of this court to search through the record for exceptions which the defendant does not consider of enough moment to warrant argument. They are treated as waived.

*Exceptions overruled.*