HYMAN KRINSKY *vs.* HAROLD A. LEVENTHAL.

Suffolk.    May 6, June 2, 1948. — July 1, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Guaranty.*

The fact that from the original draft by the payee of a note of a guaranty by a third party of "punctual payment [of the note] at maturity together with all legal and other expenses of collection," the words, "together with all legal and other expenses of collection," had been elided by the guarantor before signing, required the conclusion that the guaranty did not extend to the expenses of enforcement and collection of the note.

BILL IN EQUITY, filed in the Superior Court on February 27, 1947.

Jury issues were tried before *Donahue,* J.

*B. Goldman,* for the plaintiff.

*J. A. Daly,* for the defendant.

LUMMUS, J.   The plaintiff by this bill in equity seeks to recover on a written guaranty of a promissory note made by Edwards Trailer & Body Co., Inc., payable to the plaintiff.   Two issues were submitted to a jury, namely (1) Is the defendant, Harold A. Leventhal, indebted to the plaintiff on the instrument alleged to be a guaranty, referred to in paragraph 6 of the bill of complaint and alleged to have been given on or about August 22, 1946 ? and (2) If the defendant is indebted on such guaranty, what is the amount of the indebtedness?   On the first issue the answer of the jury was "Yes."   On the second issue the answer of the jury was "$57,325, with interest at the rate of six per cent per annum from February 22, 1947."   The case comes here on exceptions taken by the plaintiff to the refusal by the judge to instruct the jury that if the jury should answer

the first issue in the affirmative the plaintiff would be entitled to recover not only what he was awarded but also twenty per cent of $57,325.

The note of Edwards Trailer & Body Co., Inc., dated August 21, 1946, promised to pay the plaintiff the principal sum in sixty days, "together with all costs and all legal expense for the enforcement and collection hereof, such charges in no event to be less than a sum equal to twenty per cent of the aggregate of principal and interest unpaid on this note at the time this note is placed in the hands of an attorney for collection." This note was not paid at maturity, and was placed in the hands of an attorney for collection on February 24, 1947. The guaranty of the foregoing note, executed by the defendant on August 22, 1946, guaranteed "the punctual payment at maturity" of said note.

Under the guaranty just recited, if the note should be paid at maturity, no costs or legal expenses for its enforcement or collection would be incurred. In principle, the guaranty would be either satisfied or broken on the day of the maturity of the note in October, 1946. Until that day, it could not be foreseen whether anything would become due on the note for expenses of collection. It might well be thought that the language of the guaranty showed that it was not intended to cover such expenses. See *Schneider* v. *Armour & Co.*, ante, 28; *Continental Supply Co.* v. *Tucker-Rose Oil Co.* 146 La. 671.

But another consideration present in this case seems to us to resolve any doubt in favor of the defendant. The guaranty was drawn by the plaintiff, and is in his own handwriting. As originally drawn the guaranty covered not merely the "punctual payment at maturity" of the note, but covered such payment "together with all legal and other expenses of collection." The words last quoted were struck out by the defendant before he signed the guaranty. The striking out of those words showed his unwillingness to extend his guaranty to the charges for the enforcement and collection of the note. The present case is not governed by *Kennon* v. *Shepard*, 236 Mass. 57, in which before signing certain words were struck from a lease by the parties

to it, and the remaining words were clear and unambiguous. In the present case, the words remaining did not clearly show liability on the part of the defendant, and the circumstances attending the making of the contract were competent to explain them. *Smith* v. *Vose & Sons Piano Co.* 194 Mass. 193. *Donovan* v. *Travers,* 285 Mass. 167, 175. *Kennedy Bros. Inc.* v. *Bird,* 287 Mass. 477, 483. *Atwood* v. *Boston,* 310 Mass. 70, 74, 75. Williston, Contracts (Rev. ed. 1936) § 630.

*Exceptions overruled.*