### S. S. KRESGE CO. v. SOMERVILLE MERCHANTS BLDG., Inc., et al.

Civ. No. 50-190.

United States District Court
D. Massachusetts.

Feb. 7, 1951.

J. N. Welch and Hale & Dorr, all of Boston, Mass., for plaintiff.

Arthur E. Whittemore and Nutter, McClennen & Fish, all of Boston, Mass., for defendants.

FORD, District Judge.

This is an action under 28 U.S.C.A. § 2201 for a declaration of the legal rights of the parties under a lease of real estate. Jurisdiction is based on diversity of citizenship, the plaintiff being a Michigan corporation and both defendants Massachusetts corporations, and on the presence of an amount in controversy in excess of $3,000.

The plaintiff S. S. Kresge Company is the lessee, under a lease dated August 13, 1928, of certain real estate in Somerville, Massachusetts. The defendant Somerville Merchants Building, Inc., was the original lessor and the defendant Union Merchants Realty, Inc., is a successor corporation which is the present owner of the lessor's interest in the lease. Under the terms of the lease the lessor demised to the lessee certain land with the buildings thereon for a term of thirty years from December 1, 1930 (which under a clause providing for such anticipation actually began on December 1, 1929). Lessee had an option to renew the lease for a further period of twenty years and thereafter for a period of forty-nine years. There were provisions not material here covering payments of annual rental, taxes, insurance, and other obligations of the parties. Lessee had a right, but no obligation, to raze the existing building, but if all or part thereof was removed, lessee was to replace it with a new building of equal or greater value. It is agreed that the previously existing building was demolished by the lessee and a new building erected fully conforming to the terms of the lease. The lease has been twice amended in respects not material here.

The present dispute between the parties concerns the interpretation to be given to two sentences in the lease. The first, on page 6 of the lease, in a section designated in the margin by the words "Assignment and Subletting" reads: "The Lessee may

assign this lease or sublet the whole or any part of said demised premises, but if it does so without Lessor's consent or consent of the Somerville Savings Bank, it shall remain liable and responsible under this lease, except as otherwise hereinafter provided."

On page 8, under the marginal designation "New Building Clause" is found the second sentence: "In the event the Lessee erects a new building as aforesaid, then it may assign this lease."

■ Plaintiff here has informed defendants of its intention to assign its lease to a straw. No consent has been given by the lessor or the bank to such an assignment. Plaintiff contends and asks this court to declare that even without such consent it can, by an assignment of the lease, relieve itself of all liability thereunder. This, of course, it cannot do unless it can show that an exception to the first of the above quoted provisions has been created by some provisions occurring thereafter in the lease. The second of the quoted sentences does, it is argued, create such an exception, and, further, such is clearly the only interpretation which can be given to it, so that consideration of other evidence offered by defendant is barred by the so-called parol evidence rule.

■ It is far from clear that this provision means what plaintiff says it does. It gives plaintiff expressly only the right to assign, and says nothing about the termination of lessee's liabilities by virtue of such an assignment. But such a right to terminate is clearly implied, says plaintiff, whose argument is as follows: The lease should be interpreted to give meaning to every one of its provisions. Under Massachusetts law lessee has the right to assign unless the lease provides otherwise. In addition the lessee is given that right expressly in the provision quoted from page 6 of the lease. Hence the provision on page 8 that lessee may assign is meaningless unless it means more than what it explicitly says. Moreover, unless it means that lessee may assign and thereafter no longer be liable under the lease, the final clause of the provision on page 6, "except as otherwise hereinafter provided" is mean-

ingless since nothing else in the lease can be pointed to as creating such an exception.

■ This argument must be rejected. The facts in this case are closely parallel to those in S. S. Kresge Co. v. Sears, 1 Cir., 87 F.2d 135, 110 A.L.R. 583. Plaintiff, the same in both cases, sought there as it does here, a declaration of its right to terminate its liability under a lease by an assignment. The court in the earlier case held it had no such right and pointed out, with citations to numerous Massachusetts decisions, that it is a well-established rule of Massachusetts law that a lessee is not discharged from its obligations under a lease by an assignment in the absence of an agreement to that effect on the part of the lessor. Lessee here seeks to find in the grant of a right to assign the implication of such a right to avoid further liability which, in practical effect, would amount to a right on the part of lessee to terminate the lease unilaterally at any time after a new building is erected. It is true that a court should try to find a reasonable meaning and purpose for every provision of a contract. But, above all, the court should try to interpret the lease so as to give effect to what the parties really intended. In view of the expressed intent of the lease that in general the lessee would remain liable if it assigned without the consent of the lessor or the bank, as well as the established law as to the effect of an assignment on lessee's obligations, it is unreasonable to try to read into the disputed provision on page 8 of the lease the sweeping inference suggested by plaintiff merely to avoid what would otherwise be an inartistic but harmless redundancy. It is unlikely that if parties really intended what plaintiff says they did, they would have left that intent so obscurely expressed. S. S. Kresge Co. v. Sears, supra, 87 F.2d at page 140.

Plaintiff's contention that the provision for assignment on page 8 is the only provision to which the words "except as otherwise hereinafter provided" in the assignment clause on page 6 could possibly refer, loses much of its force when it is noted that on pages 12 and 13 of the lease there is a "Covenant of Title" which pro-

vides that if lessor's title shall fail, lessee's liabilities shall cease. It would be by no means illogical to find that it is to this that the words on page 6 refer, so that in effect the provision on page 6 could read that if lessee assigns without consent "it shall remain liable and responsible under this lease except in the case where, as hereinafter provided, it is relieved of liability by a failure of lessor's title." Also this clause could refer to the next following paragraph in the lease beginning "The lessee will not sublet * * *", a limitation on subletting.

■ Keeping within the four corners of the lease, it is certainly not clear that the disputed sentences of the lease have the implied meaning which plaintiff seeks to give them. Plaintiff has failed to show that they have any other meaning than what they literally say. Taking the most favorable view of its arguments, they have only raised doubts as to whether some further meaning might not have been implied. Under this view, the provision in question is ambiguous, and hence the parol evidence rule does not bar recourse to facts outside the writing itself which will shed light on what the parties intended by the provision in question. 3 Williston on Contracts, § 629; Hodgens v. Sullivan, 209 Mass. 533, 95 N.E. 969.

■ The principal item of extraneous evidence is a form of lease produced from his files by one L. Roger Wentworth, an attorney, who in the negotiations leading to the lease in 1928 represented the original lessor and the Somerville Savings Bank, the mortgagee of the property. This is a printed form having blanks for the insertion of the name of the lessor, the description of the premises, dates, etc., with the name of plaintiff S. S. Kresge Company being printed as that of the lessee. It appears on its face to be a standard form such as plaintiff would offer in the course of negotiations as containing its proposals as to the form and terms of a lease. Wentworth did not remember just how the printed form was introduced into the negotiations but he did remember that it had been before the parties for consideration at

that time, and he identified thereon a penciled notation in his handwriting indicating a point where the name of the bank he represented was to be incorporated into the lease. Two other leases to the Kresge Company, one of August 9, 1928 for other premises in Somerville, and one of June 20, 1927 for certain premises in Quincy, Massachusetts, were also admitted in evidence. A comparison of these two leases and of the lease involved in this action, with the printed form, shows that except for a very few additions or alterations appropriate to the individual situation the wording of each of these executed leases follows verbatim that of the form lease.

The disputed provision on page 8 of the lease involved in this action appears in the printed form of lease as follows: "In the event the Lessee erects a new building as aforesaid, then it may assign this lease without further responsibility hereunder." The words "without further responsibility hereunder" have been stricken out with pencil marks. The words "subject to restriction of article ———" are written in pencil at the end of the original printed sentence in what Wentworth identified as the handwriting of one Howe who in 1928 took part in the negotiations as treasurer of the original lessor. These written words have been similarly stricken out, so that the sentence is left to read exactly as it appears in the executed lease.

■ Plaintiff relies on Kennon v. Shepard, 236 Mass. 57, 127 N.E. 426, 427, as holding that "The words eliminated from the contract before its execution cannot be restored; and they cannot be used in its construction." As to restoration of the words, it is plaintiff who seeks to read them back into the contract by implication when it seeks to give the contract the interpretation it would clearly have if the words had not been stricken. As to using the words to aid in the interpretation of the contract, it appears that in the cited case the Massachusetts court felt that the meaning of the contract there under consideration was clear from the document itself. Where the contract is ambiguous, then the surrounding circumstances, including the

916

striking out of words proposed for inclusion in the contract are competent to explain the meaning of the remaining words. Krinsky v. Leventhal, 323 Mass. 160, 80 N.E.2d 477, 4 A.L.R.2d 136.

From the facts, it appears that the right which the lessee now seeks to establish was given to it by express language in the form of lease which it proposed, that this provision was specifically considered and rejected by the lessor, and that it was the final agreement and intent of the parties that the words granting that right should be omitted from the lease which they in fact executed. To read that rejected provision by implication into the remaining language would do violence to the true intent of the parties.

One other fact supports this view. There is in evidence certain correspondence in the year 1938, after the erection of the new building, between Wentworth, representing the lessor, and one H. H. Servis, vice-president of plaintiff, who had signed the lease in 1928 in behalf of plaintiff. These letters were concerned with the question of whether lessor would violate the covenants of the lease by a contemplated lease of adjoining premises which it owned to a competitor of lessee. Lessee in its letter expressed the view that such action by lessor would be "a violation of our lease, which we would welcome with open arms." It further stated that it would be glad to get out of Somerville because of the "lousy business" it was doing there, that the store had consistently lost money, and that lessee would be glad to discuss cancellation of the lease if there was any possibility the owners would consider it. Such an attitude is inconsistent with a belief that lessee could free itself from its liabilities at any time by the simple expedient of assigning its lease to a straw. The correspondence indicates that at least ten years after the signing of the lease, the parties did not interpret the lease as giving lessee the means of escape which it now asserts. "The interpretation given by the parties themselves to the contract as shown by their acts will be adopted by the court, and to this end not only the acts but the declarations of the parties may be considered." 3 Williston on Contracts, § 623.

Hence the conclusion must be that the plaintiff has the right to assign the lease referred to in the complaint, but that any such assignment made without the consent of the lessor or of the Somerville Savings Bank will not operate to release the plaintiff from its liability upon its covenants in said lease.

Judgment for defendants in accordance with this opinion.