EMMA B. KING & another, trustees, *vs.* JAMES J. DORGAN & another. June 1, 1962. Decree affirmed with costs of this appeal. This is a suit to enforce a restrictive covenant contained in a deed given by the plaintiffs on April 26, 1958, to the defendants' predecessors in title. From a decree dismissing their bill the plaintiffs appealed. The original restriction read: "The premises are conveyed subject to the restriction that no building or structure shall be erected thereon intended or designed to be used, nor shall said premises be used, for any purpose in connection with the existing Fair Grounds or any future race track in the vicinity either for parking or for concessions of any kind in connection with said Fair Grounds or such race track or for any other purposes so connected." On August 26, 1958, the plaintiffs executed under seal a document entitled "Release of Restriction" which deleted the words "either for parking or" from the original restriction. During 1960 the defendants permitted patrons of a nearby race track to park their motor vehicles on the land which is subject to the restrictive covenant. For the reasons stated in the judge's decision, we agree with his conclusion that "the restrictive covenant, as ultimately amended by said document of August 26, 1958, does not prohibit the defendants . . . from using said land for the parking of motor

vehicles thereon." See *Krinsky* v. *Leventhal*, 323 Mass. 160. Cf. *Quintin Vespa Co. Inc.* v. *Construction Serv. Co.* 343 Mass. 547, 552–553.

*Frederick M. Myers & Frederick M. Myers, Jr.,* for the plaintiffs, submitted a brief.

*George N. Tobia* for the defendants.