HAROLD A. LEVENTHAL vs. HYMAN KRINSKY & others.

Suffolk. November 9, 1949. — February 9, 1950.

Present: QUA, C.J., LUMMUS, RONAN, & WILKINS, JJ.

*Bills and Notes*, Validity, Expenses of collection. *Guaranty*. *Subrogation*.

The payee of a chattel mortgage note, who had received full payment of the principal and interest on the note, chiefly from the guarantor under a guaranty given him against loss in a transaction in which the note originated, but who had not received a certain additional sum payable to him under a valid provision of the note as costs and legal expense of collecting the note, was, rather than the guarantor, entitled

to the whole of a fund derived from a sale of the mortgaged property and amounting to less than such additional sum due the payee; the guarantor was not entitled to the fund through subrogation to the payee's rights under the note because the payee had not received all that was due him thereunder.

A provision of a promissory note, requiring payment, in addition to principal and interest, of "all costs and all legal expense for the enforcement and collection hereof, such charges in no event to be less than . . . twenty per cent of the aggregate of principal and interest unpaid on this note at the time this note is placed in the hands of an attorney for collection," was valid, and covered not only costs and expense incurred by the payee arising out of an action on the note but also those arising from a proceeding for foreclosure of a mortgage securing the note, a suit brought by the payee upon a guaranty given him against loss in a transaction in which the note originated, and a suit originally brought to preserve the mortgaged property and subsequently prosecuted to determine the rights of the parties to the proceeds of a sale of that property.

BILL IN EQUITY, filed in the Superior Court on October 3, 1947.

The suit was heard by *Baker*, J.

*J. A. Daly*, for the plaintiff.

*B. Goldman*, for the defendant Krinsky.

RONAN, J.    Leventhal, Krinsky, and one Curtin, the president and treasurer of Edwards Trailer & Body Co., Inc., hereinafter called Edwards, entered into an agreement to purchase eighty-three army trailers; Krinsky was to furnish the purchase price; Leventhal was to guarantee Krinsky against loss; Edwards was to sell the trailers; and the profits were to be equally divided among Leventhal, Krinsky, and Edwards.   Krinsky furnished $25,000 as a down payment on the trailers.   In order to aid and assist Krinsky and Leventhal to raise the unpaid balance of $39,325, Edwards signed a note for $64,325, the full purchase price of the trailers.   Krinsky was named as payee, the note was due in sixty days, and Curtin indorsed the note.   The note provided for the payment of the principal sum at a designated trust company "together with all costs and all legal expense for the enforcement and collection hereof, such charges in no event to be less than a sum equal to twenty

per cent of the aggregate of principal and interest unpaid on this note at the time this note is placed in the hands of an attorney for collection." This note was secured by a mortgage on the trailers. Krinsky gave his personal note for $39,325 to the trust company. He indorsed the Edwards note and assigned the mortgage to the trust company as collateral security for the payment of his note. The proceeds of this note were used for the final payment on the trailers. Leventhal gave Krinsky a written guaranty against loss. A note of $3,000 of Edwards, Leventhal and Curtin, payable in six months, was given to Krinsky for the use of the money he had invested in the trailers. This $3,000 note was paid by Leventhal.

Edwards succeeded in selling only seventeen trailers, and out of the proceeds paid $7,000 on the principal of the mortgage note and certain other disbursements which were proper, fair and reasonable, and thereafter had no money in its possession that came from the trailer transaction.

Krinsky paid his note at the trust company and received his collateral consisting of the Edwards note and mortgage, and his attorney commenced proceedings to foreclose the mortgage which were later abandoned. A bill in equity was brought on February 27, 1947, by Krinsky against Leventhal on the guaranty given by Leventhal and resulted in a final decree ordering Leventhal to pay Krinsky the unpaid balance of $57,325 on the mortgage note together with interest, which Leventhal finally paid on September 23, 1948. *Krinsky* v. *Leventhal,* 323 Mass. 160.

Edwards had a large number of the trailers which it was apparently unable to sell and which were not protected by insurance and were depreciating in value. Leventhal brought the present suit on October 3, 1947, against Krinsky and Edwards for the appointment of a receiver to take possession of the trailers and to convert them into cash. Krinsky answered the bill of complaint, and also set up a counterclaim against Edwards and Curtin for a balance due on the mortgage note including costs and legal expense for its enforcement and collection. Krinsky sought an accounting

between himself and Edwards and Curtin on one hand, and also an accounting between himself and Leventhal on the other hand and to have the indebtedness of Leventhal to him determined and established. Krinsky, Leventhal and Edwards then entered into a stipulation by which an attorney was authorized to take possession of the trailers in the possession of Edwards and to sell them, which he did, and, after deducting expenses and his own fee for services, he now holds on deposit in savings accounts $10,133.75 awaiting the determination of the rights of the parties in this fund.

The judge found that the note for $64,325 and the mortgage were made by Edwards and indorsed by Curtin as an accommodation maker and indorser, respectively, for the purpose of completing a plan whereby Krinsky and Leventhal could raise the balance of $39,325 for the purchase of the trailers; that Edwards and the administratrix of Curtin, Curtin having died, were not liable on the note or mortgage; that Krinsky does not now seek any personal recovery against Edwards or the administratrix of Curtin; and that during the hearing counsel for Edwards and the administratrix disclaimed any rights in the fund of $10,133.75. He entered a decree, assented to by counsel for Krinsky and Leventhal, dismissing the bill against Edwards and the administratrix of Curtin. Leventhal and Krinsky appealed from a final decree entitling Krinsky to $1,000 of the fund and ordering the balance to be paid to Leventhal.

In the case of *Krinsky* v. *Leventhal,* 323 Mass. 160, the defendant set up as defences, first, that Edwards's note for $64,325 was an accommodation note and that consequently Leventhal could not be held liable on his guaranty for its payment, and, second, that his guaranty did not include the costs and legal expense mentioned in the note. The jury in that action found that the mortgage note was a good and valid note, and that Leventhal's guaranty did not include such costs and expense. Both of these issues having been finally adjudicated, Leventhal is estopped from

attacking the validity of the note and Krinsky is estopped from claiming that Leventhal by his guaranty was liable to pay the costs and legal expense described in the note. *Black River Savings Bank* v. *Edwards,* 10 Gray, 387, 397, 398. *Lesberg* v. *Lesberg,* 260 Mass. 216. *Sandler* v. *Silk,* 292 Mass. 493, 498. *Mellen* v. *Modern Parlor Frame Corp.* 321 Mass. 305, 309.

Edwards and Curtin were not parties in this prior litigation and so were not bound by the issues decided in that suit, but both Krinsky and Leventhal continued to be bound as between them by the decision in the first suit upon the two issues just mentioned. *Morse* v. *Elms,* 131 Mass. 151. *Butrick, petitioner,* 185 Mass. 107, 114. *Forbes* v. *Douglass,* 175 Mass. 191. *Tait* v. *Downey,* 267 Mass. 422, 429. Restatement: Judgments, § 79, comment i.

Leventhal contends that as guarantor he is entitled to the security which Krinsky held for the payment of the mortgage note and that, as the note has been paid, he is entitled by way of subrogation to the fund which was derived from the sale of the trailers. All the principal due upon the note together with interest has been paid, by Edwards to the extent of $7,000 and by Leventhal to the extent of the balance of the principal with interest. The note calls for more than the payment of principal and interest in case the maker fails to pay at maturity and the note is put into the hands of an attorney for collection. If this provision of the note is valid, Krinsky has not received all that was due him on the note. Subrogation does not arise in favor of Leventhal until Krinsky, through whose original claim the right to subrogation stems, has been paid in full. *Westinghouse Electric & Manuf. Co.* v. *Fidelity & Deposit Co.* 251 Mass. 418, 421. *Hill* v. *Wiley,* 295 Mass. 396, 403. *United States* v. *National Surety Co.* 254 U. S. 73. Sheldon, Subrogation (2d ed.) § 127. Restatement: Security, § 141.

It is not unusual for a note to provide for the payment of reasonable fees by the maker in case he fails to pay at maturity and the holder turns it over to an attorney for collection. The practice of inserting such a provision in a

note has been recognized by the Legislature by the enactment of G. L. (Ter. Ed.) c. 107, § 24, to the effect that the sum payable is certain although it is to be paid with costs of collection or an attorney's fee if payment is not made at maturity. *Norwood Morris Plan Co.* v. *McCarthy,* 295 Mass. 597, 603. Reasonable attorney's fees have been frequently recovered where the contract between the parties provides for their payment, as in the case of the foreclosure of mortgages or in agreements of indemnity or contracts to advance money. *Montgomery Door & Sash Co.* v. *Atlantic Lumber Co.* 206 Mass. 144. *Haczela* v. *Krupa,* 219 Mass. 261. *Peterson* v. *Abbe,* 234 Mass. 467. *Hartford Accident & Indemnity Co.* v. *Casassa,* 301 Mass. 246. *New England Factors, Inc.* v. *Genstil,* 322 Mass. 36, 43.

The note called for payment of all costs and legal expense in an amount not less than twenty per cent of what was due on principal and interest when it was given to an attorney for collection. The parties to a promissory note may contract for the payment of costs of collection or attorney's fees in case the note is not paid at maturity and is turned over to an attorney for collection. They may contract that in such event the holder may recover a reasonable amount for attorney's fees or an amount to be fixed by a definite per cent of the principal or the principal and interest then due on the note. The validity of such a provision has not frequently arisen in this Commonwealth. It was decided in *Cherry* v. *Sprague,* 187 Mass. 113, that a stipulation in a note governed by the law of South Dakota, that "if suit is commenced the customary attorney's fees shall be added to the amount of the judgment," was enforceable here under our common law in the absence of any proof of the law of South Dakota. In *Ferranti* v. *Lewis,* 271 Mass. 186, the only point decided was that a stipulation in the note authorizing the holder to appoint an attorney to confess judgment was valid. A provision in that note for the payment of an attorney's fee in the amount of fifteen per cent of the principal and interest seems to have been assumed to be binding and enforceable. The decision in *Norwood*

*Morris Plan Co.* v. *McCarthy*, 295 Mass. 597, is implicit that a stipulation in a promissory note for the payment of "a reasonable attorney's fee" is binding upon the maker of the note. In a majority of other jurisdictions, a provision fixing the attorney's fee as a certain per cent of the principal or of the principal and interest has been held to be good, at least unless it clearly appears that it is so unconscionable and oppressive as to amount to a penalty or that it is a device to circumvent the usury statutes. Nothing of that kind appears here. The entire fund which Krinsky seeks to reach amounts approximately to only sixteen per cent of the principal and interest and therefore less than the minimum rate designated in the note. We are of opinion that he is entitled to the fund and the accrued interest in accordance with the terms of the note. See the cases collected in *Citizens National Bank* v. *Waugh*, 78 Fed. (2d) 325, 331; Brannan, Negotiable Instruments Law (6th ed.) 136–142; 7 Am. Jur., Bills & Notes, § 138; 10 C. J. S., Bills & Notes, 565, 566.

We do not concur in the contention of Leventhal that, as the costs and expense are restricted to those incurred, to quote the language of the note, in "the enforcement and collection hereof," only costs and expense arising out of an action on the note or directly connected therewith can be recovered by Krinsky. The foreclosure proceedings, the suit on the guaranty, and the present suit, brought originally to preserve the mortgaged property but now narrowed to establishing the rights of the parties in the fund, are all based on the indebtedness arising out of the mortgage note, and the aims and object of all of these proceedings were directed to collecting the amount due Krinsky on the note. All counsel fees reasonably incurred by Krinsky in these efforts to collect the note are legal expense arising out of the collection of the note. The fact that Leventhal has been found not liable under his guaranty for costs and expense does not bar Krinsky from proceeding to collect and apply the proceeds of the mortgaged property to the discharge of the mortgage note. He is not attempting to impose any

personal liability against Leventhal. The costs and expense now sought by Krinsky arose out of and were incidental to the collection of the note, for which he is entitled to be reimbursed in accordance with the terms of the note. *Bangs* v. *Fallon*, 179 Mass. 77. *Haczela* v. *Krupa*, 219 Mass. 261. *John Hancock Mutual Life Ins. Co.* v. *Casey*, 155 Fed. (2d) 229. *Brenner* v. *Plitt*, 182 Md. 348. *Julian* v. *American National Bank*, 172 Tenn. 602. *Merchants & Planters Bank* v. *Forney*, 183 Va. 83.

The final decree is reversed, and a new decree with costs is to be entered establishing the right of Krinsky in the entire fund of $10,133.75 and the accrued interest and ordering the payment of said fund and interest to him.

*So ordered.*