91 So.2d 653 (1956)
Janet CODOMO, an Impleaded Defendant, Appellant,
v.
Obert EMANUEL, Victor Emanuel and Jack Edwards, trading and doing business as Emanuel Electric Co., Appellees, and
Belfran, Inc., a Florida Corporation, and Leonard Codomo, jointly and severally, Defendants, not parties to appeal.
Supreme Court of Florida. Special Division A.
October 3, 1956.
Rehearing Denied December 13, 1956.
*654 Rothenberg & Burris, Miami Beach, for appellant.
Irving Schulman, Miami Beach, for appellees.
TERRELL, Acting Chief Justice.
February 17, 1955, final judgment was entered in Circuit Court of Dade County against Janet Codomo, Leonard Codomo, her husband, and Belfran, Inc., jointly and severally. This judgment was rendered following supplemental proceedings brought by appellees after an execution issued upon a prior judgment against Leonard Codomo and Belfran, Inc., was returned unsatisfied. Appellant was not a party defendant in the first suit. During the supplemental proceedings, on May 25, 1954, appellant testified as principal stockholder and officer of the corporate defendant. On appellees' petition a rule nisi was issued May 26, 1954, to show cause why Mrs. Codomo should not be impleaded as a party defendant, her assets impounded and for other relief. She was duly served with a copy of the rule the next day. On July 15, 1954, she was restrained from disposing of certain funds pending disposition of the cause. In his findings the Circuit Judge pointed out that she appeared by counsel in response to the rule, but filed no answer in opposition to petition that she be impleaded as party defendant.
The court found that the corporate defendant kept no minutes and held no meetings for the election of officers; as to manner the books were kept the testimony was evasive; there was commingling of accounts by defendants, one of whom was appellant's husband, and appellant was the principal stockholder. There was showing attempts to defraud or confuse creditors and large amounts were withdrawn from Belfran, Inc., and disbursed for various purposes. Appellant is charged with participating in all this. The court gave final judgment against defendants for $7,301.26, being balance due appellees and awarded commissioner's fee of $75. By subsequent order of May 12, 1955, he assessed $750 against appellant as fee for appellees' counsel. Janet Codomo has appealed from both the judgment and order. The other defendants have not appealed.
The points brought up for determination are: (1) whether or not Janet Codomo was accorded due process, as prerequisite to entering the final judgment against her February 17, 1955; (2) whether or not the trial court erred in awarding counsel's fees against Janet Codomo in the supplementary proceedings; (3) did the proof justify the court in piercing the corporate entity, Belfran, Inc., and then impose judgment upon Janet Codomo?
We do not think the first and third questions need exploring. While it *655 is true that Janet Codomo was a silent partner, owned much of the stock in Belfran, Inc., and permitted the use of her funds in its transactions and manipulations, she must have known what was going on; at least she was charged with notice of it and cannot now contend that she was ignorant and was not accorded due process. As noted supra she was served with the rule nisi and appeared by counsel months before the judgment appealed from was entered. The question of charging her with counsel's fees for appellees in the supplementary proceedings presents a different question.
Appellees contend that the supplemental proceedings were part of the main cause, being an action to collect a promissory note providing for reasonable attorneys' fees and being so, the supplementary fee is based on contract. The note was made by Belfran, Inc., and was endorsed by Leonard Codomo. Janet Codomo was neither maker nor endorser of the note. She did not become a party until impleaded by the court in supplemental proceedings. The order impleading her found that she was an undisclosed principal for other defendants, that she owned most of the stock in the corporation and was responsible for the acts of her agents, and that she participated in a fraud upon creditors, particularly the plaintiffs, appellees here.
This court is committed to the doctrine that attorneys' fees cannot be taxed as costs in any cause unless authorized by contract or legislative authority. Shavers v. Duval County, Fla., 73 So.2d 684, and cases cited therein. As pointed out, appellant was not a party to the note on which the judgment was secured and we are cited to no statute covering the situation. Appellees admit that this court has not adjudicated the point. Leventhal v. Krinsky, 325 Mass. 336, 90 N.E.2d 545, 17 A.L.R.2d 281, is relied on to support appellees' contention. We have examined this case thoroughly and if spot-read, it appears to support appellees' contention, but when read as a whole we do not consider it controlling. It was a proceeding to foreclose a mortgage. The court held that the plaintiff did not attempt to impose personal liability against defendant so was awarded attorneys' fees from a fund held by a third party pending determination of the cause. The right to recover attorneys' fees as part of the costs did not exist at common law. It must be provided by statute or contract. Fraud or malice may modify the rule under circumstances. 14 Am.Jur. 38, Section 63. See also 15 Am.Jur. 552, Sec. 143.
The cases generally hold that supplementary proceedings are separate and distinct from the main cause in which the judgment is procured, and sometimes said to be collateral to it. Orange Belt Packing Co. v. International Agricultural Corp., 112 Fla. 99, 150 So. 264; Riley v. Fatt, Fla., 47 So.2d 769; Richard v. McNair, 121 Fla. 733, 164 So. 836. Janet Codomo, as heretofore pointed out, was impleaded as defendant, a judgment was entered against her individually, on which execution was issued. In view of the law governing the point and the facts revealed, we do not think there was authority for the judgment against her for the attorneys' fees complained of. We have examined Richard v. McNair, Riley v. Fatt, supra, Meyer v. Faust, Fla., 83 So.2d 847, and Advertects, Inc., v. Sawyer Industries, Inc., Fla., 84 So.2d 21, all of which deal with various aspects of supplementary proceedings but we find nothing that collides with the view expressed in this opinion.
It follows that the judgment and order appealed from must be, and are hereby reversed as to that part imposing attorneys' fees for supplementary proceedings against appellant. In all other respects they are affirmed.
Affirmed in part, reversed in part.
THORNAL and BUFORD, JJ., and CROSBY, Associate Justice, concur.