158 So.2d 759 (1963)
R.K. COOPER, Individually, and R.K. Cooper, Inc., a Florida corporation, Appellants,
v.
Alan D. FULTON, Appellee.
Nos. 62-769, 63-5.
District Court of Appeal of Florida. Third District.
October 22, 1963.
On Rehearing December 4, 1963.
Blackwell, Walker & Gray and Melvin T. Boyd, Miami, for appellants.
Welsh, Cornell, Pyszka & Carlton, Sam Daniels, Miami, for appellee.
Before HORTON, TILLMAN PEARSON, and HENDRY, JJ.
*760 PEARSON, TILLMAN, Judge.
R.K. Cooper and R.K. Cooper, Inc. were defendants in a chancery action brought by Alan D. Fulton. During the progress of this litigation, we have been presented with interlocutory appeals on three previous occasions.[1] The cause was concluded in the circuit court by a final decree which found the equities with the plaintiff. Thereafter, pursuant to a reservation in the final decree stating that the attorney's fee would be included as costs, the court entered an order doing so. The defendants have filed both an appeal from the final decree and a "Notice of Interlocutory Appeal or Petition for Review of Cost Judgment". The assessment of the legal fee was made an assignment of error in the appeal from the final decree. This court has consolidated the petition and the appeal and this opinion disposes of both.
Plaintiff Fulton's complaint alleged an oral partnership agreement with both the individual and the corporate defendant. It was alleged that the purpose of this partnership was to operate an insurance agency from which plaintiff was to receive 50% of the net proceeds. After extended litigation, the chancellor entered an interlocutory decree adjudicating:
"* * * that a partnership relation existed in this case between the plaintiff (Alan D. Fulton) and the defendants (R.K. Cooper, individually, and R.K. Cooper, Inc.), which partnership commenced on or about July 1, 1952, and terminated on or about October 6, 1958, when the plaintiff was excluded from the business. The partnership between Alan D. Fulton and R.K. Cooper consisted of an insurance agency which was operated by and through the defendant, R.K. Cooper, Inc."
This interlocutory decree was affirmed by this Court. Cooper v. Fulton, Fla.App. 1961, 132 So.2d 616. Thereafter, the cause was referred to a special master who heard the evidence presented and recommended a decree for the plaintiff. The first recommendation of the special master as to the amount to be awarded the plaintiff was as follows:
"I recommend that judgment be entered in favor of the plaintiff, ALAN D. FULTON, and against the defendants, jointly and severally, for the sum of $44,024.18, for appropriating plaintiff's one-half interest of the good will, going concern value and assets of the partnership insurance agency on October 6, 1958, together with interest at the rate of 6% per annum from October 6, 1958 until the date of entry of the final decree. The defendants' Counterclaim should be dismissed."
Plaintiff and defendants filed exceptions to the special master's report. The special master then filed an amended report. No authority for the making of an amended report appears in the record, but no one objected and the parties filed exceptions to it. Since no objection was made to this unusual procedure, it must be presumed that a basis exists for the filing of the amended report in some portion of the record not included in the record on appeal. The amended final report made the following recommendation as to the amount to be awarded the plaintiff:
"I recommend that judgment be entered in favor of the plaintiff, ALAN D. FULTON, and against the defendants, jointly and severally, in the sum of $90,000.00, less the percentage of interest found to be taken by FULTON which made up the proportion of the gross annual commissions, less $728.08 from the Savage and Cole deals admitted by FULTON, less $420.57 for the loss that existed for the six days in October of 1958, totaling $1,148.65. FULTON is entitled to receive a deduction from said amount, being the *761 difference between the net sum earned and the amount received by FULTON, which would total $876.31. After adjusting all of the above figures, it appears the COOPER interests would be entitled to reimbursement of $272.24. This sum should be deducted from the amount awarded, less $9,703.68 for funds borrowed by FULTON from the company."
The appellants have presented ten points on appeal and have extensively argued each of them. We have determined that it is necessary to discuss points 2, 8 and 9.
By point 2 the appellants present the question: "Whether the chancellor erred in refusing to follow the law of the case which holds that the plaintiff is entitled to an accounting of 50% of the net profits of the insurance department of R.K. Cooper, Inc. and instead awarding to plaintiff an amount purportedly equal to 50% of the `assets of the partnership?'" The gist of this point is a contention that our opinion reported at 132 So.2d 616 established as the law of this case that the plaintiff was entitled to 50% of the net profits of the insurance department of the appellant, R.K. Cooper, Inc.; and, therefore, the plaintiff could not be entitled to a percentage of the net worth of the partnership as a going business. The latter basis was used by the special master and the chancellor in computing the amount due the plaintiff.
It is true that our opinion on the interlocutory appeal above cited does use the term "50% of the net profits." However, we must now point out that the use of this term was not necessary to a decision upon any of the issues presented by that appeal. Our holding did no more than affirm the interlocutory decree finding that there was a partnership and requiring an accounting. The issues thereafter to be tried depended upon the pleadings. The complaint claimed "50% of the net proceeds of the partnership." We must, therefore, now hold that the use of the term "net profits" in our opinion reported at 132 So.2d 616 did not establish the law of the case so as to preclude a judgment for 50% of the "net proceeds of the partnership." Cf., Graham v. Street, 2 Utah 2d 144, 270 P.2d 456 (1954).
In his first report, the special master used a base figure of $180,000 to compute the value of the partnership. He then reduced this sum by 40% or $72,000  the percentage of business "probably" controlled by Fulton after the dissolution of the partnership  and divided the remainder ($108,000) in half to arrive at each partner's interest ($54,000).
In his amended report, he again found the value of the partnership to be $180,000.00, and recommended that Fulton be awarded the sum of $90,000, less the percentage of partnership business to be determined to have been taken by Fulton. Pursuant thereto, he stated the following:
"In connection with the finding that FULTON serviced accounts which composed 40% of the gross commission earnings of the agency, this Amended Special Master's Report recedes from said finding, in that said finding was made from a memorandum presented by the plaintiff's attorney. In re-examining all of the testimony presented before me, I find no specific testimony which would confirm said finding that FULTON actually serviced and took with him 40% of the gross commission earnings of the agency. In the event that the plaintiff or the defendants desire to either prove or disprove said amount that FULTON actually serviced and took with him, then I believe the Court should permit additional testimony as to said issue."
The chancellor offered the parties the opportunity to submit additional testimony as to the worth of the business that Mr. Fulton took with him when he established a new insurance business. No further testimony was taken. As a result the chancellor approved the amended finding of the special master that the plaintiff was entitled *762 to $90,000.00 for his 50% interest in the net proceeds of the insurance agency partnership.
It is clear from this record that the plaintiff-appellee, Fulton, did establish a competing insurance business immediately across the street from the partnership offices, either before or soon after the termination of the partnership by appellants' wrongful action. It is likewise clear that the nucleus of this business was accounts brought from the partnership. We find the weight of the evidence to be that the plaintiff-appellee took with him 40% of the partnership business. We think, therefore, that the chancellor was in error in the amount of the award.
There is evidence in the record to substantiate the finding that the net value of the partnership at the time of its termination was $180,000.00. The plaintiff-appellee was at that moment entitled to 50%, or $90,000.00; but he shortly thereafter took over 40% of the former partnership's business which upon the same basis would be worth $72,000.00. His remaining interest would be $18,000.00. The special master's finding as to the charges against this interest as found in his amended special master's report have been quoted above. Applying these charges to the sum of $18,000, it is apparent that the plaintiff was entitled to the sum of $8,023.98 for his remaining interest in the partnership.
We turn now to the matter of the attorney's fee which is appellant's 9th point. The court's order allowing attorney's fee sets the amount of $45,000 as a "just, equitable and reasonable sum to be awarded plaintiff's attorneys in compensation for all services performed herein on plaintiff's behalf. * * *"
The law of Florida is well settled that attorney's fees are ordinarily not allowable as costs in the absence of contractual or statutory authority. Brite v. Orange Belt Securities Co., 133 Fla. 266, 182 So. 892. An exception to this rule exists where the plaintiff, as one of several co-partners, is forced to bring suit for dissolution and accounting. A.J. Richey Corp. v. Garvey, 132 Fla. 602, 182 So. 216. We feel that a review of the record before us in this case presents an instance where the Florida Supreme Court has found that exception to apply. We do not, however, approve assessment of the fee as costs wherein to do so was in the nature of a penalty. But see Wade v. Clower, 94 Fla. 817, 114 So. 548.
In the final decree the chancellor sets forth the basis upon which he found that plaintiff's attorney's fee should be charged against the defendants:
"Second, the Court desires to expressly confirm the special master's finding that the defendants' conduct in unduly and needlessly prolonging this litigation has been such as to warrant their payment of plaintiff's reasonable attorneys' fees as requested by plaintiff in his proposed findings of fact and conclusions of law. After wrongfully excluding plaintiff from the partnership premises and affairs and forcing him to seek both discovery and an accounting in judicial proceedings, the defendants harrassed both the plaintiff and this court in innumerable ways. By way of illustration, even after the partnership interests were finally determined by the Third District Court of Appeal, defendants still refused to recognize the law of the case and act accordingly. Under these circumstances the Court in the exercise of its discretion finds that all costs, including plaintiff's reasonable attorneys' fees should be taxed against the defendants. Although the Court does not believe that a party is required to anticipate misconduct on the part of his adversary in the initial pleading stage, to the extent necessary the pleadings are hereby conformed to the proof."
The order awarding attorney's fee, pursuant to the final decree, is in part as follows:
"* * * the Court having heard testimony presented in behalf of the plaintiff, *763 and the defendants having offered no testimony, and the Court having been otherwise fully advised in the premises thereof, it is the finding of the Court that the sum of FORTY-FIVE THOUSAND DOLLARS ($45,000.00) is a just, equitable and reasonable sum to be awarded plaintiff's attorneys in compensation for all services performed herein on plaintiff's behalf * * *."
The chancellor found that defendants wrongfully excluded plaintiff from the partnership premises and affairs and forced him to seek both discovery and accounting in judicial proceedings and that defendant harassed the plaintiff and the court. There is a basis in the record for these findings. Nevertheless, other aspects of this record should be taken into consideration. We are concerned here with a bitter contest between two partners in which each was contending for his own interest in the partnership. It is true that the appellants denied the existence of the partnership, but it is by no means established that the defendants were solely responsible for the termination of the partnership. The partnership had begun to experience deep cleavages prior to the time that the appellee was wrongfully barred fom the partnership premises. There is undisputed evidence in the record that prior to this date the plaintiff-appellee was in the process of transferring to himself that portion of the partnership business which he thought would follow him to a new location.
In support of the amount of the fee, it must be observed that the chancellor acted upon expert testimony which was in part based upon the amount of the recovery. Inasmuch as we have found it necessary to reduce the amount of the award to plaintiff upon the merits, we hold that a fee of $45,000.00 is excessive. Taking into consideration the extensive litigation here involved and the testimony of the expert witnesses offered by the plaintiff, we hold that a proper fee for the plaintiffs in the cause is $15,000.00.
Each of appellants' remaining points have been considered and found not to present reversible error. Therefore, the final decree and the order awarding attorney's fees pursuant to the final decree are affirmed in part and reversed in part and the cause is remanded for the entry of an amended final decree in accordance with this opinion.
Affirmed in part and reversed in part.

On Rehearing.
A rehearing having been granted in the above styled cause as to ground #1 of appellee's petition, and the cause having been further considered upon the record, briefs and oral argument of counsel for the respective parties, it is ordered and adjudged by the court that the opinion of this court filed October 22, 1963, in this cause be and the same is hereby reaffirmed and adhered to on rehearing.
NOTES
[1] Fla.App., 107 So.2d 798; Fla.App., 117 So.2d 33, 83 A.L.R.2d 297; Fla.App., 132 So.2d 616.