PEARSON, Judge.
This appeal presents a question of the legal effect of an order consolidating three circuit court cases. The order gives some of the history of the three actions and is in part as follows:
“THIS CAUSE came on to be heard upon Application of the Plaintiff, IRVIN SHERMAN, for Temporary Injunction upon a Sworn Bill of Complaint to restrain the Defendant, SELMA SCHWARTZ, from enforcing a Judgment entered by this Court in her favor in Case No. 66L 313, wherein she was the Plaintiff and BUTLER REALTY CORP., a Florida Corporation, was Defendant ; and
“It appearing that the Plaintiff herein, IRVIN SHERMAN, obtained a Judgment in this Court against BUTLER REALTY CORP., a Florida corporation, Defendant, in Case No. 65L221, and that, *470 by this Complaint filed in this cause, 66C 4930, the Plaintiff, IRVIN SHERMAN, has raised certain questions as to the validity and preference of the Judgment of said SELMA SCHWARTZ entered in Case No. 66L 313 as aforesaid; and
“It further appearing that a Special Master should be appointed to take testimony and proofs of the parties as to the issues raised in this cause as same may affect the Judgments and the enforcement of same in Cases Nos. 65L 221 and 66L 313, and the parties specifically agreeing to the appointment of said special Master * *
“1. That Cases Nos. 6SL 221 and 66L 313 be, and same are hereby consolidated with this cause as to' the issues raised as hereinafter set forth.
“2. That all proceedings in this Court in Cases Nos. 65L 221 and 66L 313 be, and same are hereby stayed until further Order of this Court.
“3. That MILTON WALLACE, Esquire, a practicing attorney of this Court, be, and he is hereby appointed and designated as SPECIAL MASTER herein, to take the testimony and proofs of the parties as to the issues raised as herein set forth de novo, and thereafter to make report thereof to this Court, utilizing all recorded testimony heretofore taken, together with his findings of fact, conclusions of law, and his recommendations thereon.
“4. That the issues raised herein to be determined are as follows:
“a. Whether the obligations sued upon by SELMA SCHWARTZ against BUTLER REALTY CORP., a Florida Corporation in Case No. 66L 313, constituted valid antecedent debts to her of said Corporation.
“b. Whether BUTLER REALTY CORP., a Florida Corporation, was the alter ego of SELMA SCHWARTZ.
“c. What preference should be given in the enforcement of the Judgments rendered in Cases Nos. 65L 221 and 66L 313.
and that determination of such issues' be made in the foregoing chronological sequence only if the master sees fit to do so.”
After the taking of extensive testimony before the special master, the court entered a decree containing the following findings:
“(a) That as a matter of law, the debts sued on by SELMA SCHWARTZ in Case No. 66L 313 were not valid antecedent debts owed to her by Butler Realty Corp.; that the judgment obtained by SELMA SCHWARTZ in Case No. 66L 313 was obtained by collusion or guile for the purpose of hindering other creditors of Butler Realty from collecting their just debts within the purview of Section 726.01 Florida Statutes.
(b) That pursuant to Section 726.01 Florida Statutes, the judgment entered in Case No. 66L 313 be deemed void and the writ of garnishment entered thereon of no force and effect insofar as said judgment and writ of garnishment may be paramount to the judgment obtained by Irvin Sherman, in Case No. 65L 221.
(c) That Butler Realty Corp. was a corporation in form alone and not substance and that the corporation was the alter ego of its two Stockholders.”
This appeal is by Selma Schwartz and Butler Realty Corporation. In their joint brief two points are presented. The first point urges that the trial court did not have jurisdiction over Butler Realty Corporation and therefore could not enter a valid judgment against it because the corporation was not a party to the suit brought by appellee Sherman for an injunction against Selma Schwartz, since the corporation was neither named as a party to nor served in the consolidated action. We do not agree with this interpretation of the record.
*471 Butler Realty was a party to one of the consolidated causes. Prior to the order of consolidation Butler Realty was a defendant in Cause No. 65L 221. It is true that judgment had been entered in that cause prior to the order of consolidation, but the complaint in the suit for injunction alleges, and the record in cause No. 65L 221 shows, that the cause was continued after judgment upon proceedings supplementary to execution.[1] The order for the supplementary proceedings was served upon Butler Realty Corporation.[2]
In addition, the attorney for Butler Realty Corporation participated in the proceedings subsequent to- the consolidation. The special master reported in his supplemental report that counsel for the defendants was present. Bulter Realty Corporation seems to urge that since the same attorney who- represented it in cause No-. 6SL 221 was also the attorney for Selma Schwartz in cause No. 66C 4930, he could limit the representation after consolidation to defendant Schwartz. We do not think that the record justifies this conclusion. The record shows that appellant Butler Realty Corporation had full notice and opportunity to defend and in fact did defend the consolidated action. We therefore conclude that no error has been demonstrated upon appellants’ first point. See Slappy v. Fabisinski, Fla.1951, 52 So.2d 275.
Appellants’ second point urges that the court erred as a matter of law in awarding appellee attorney’s fee as costs against Selma Schwartz, individually, and Butler Realty Corporation. The general rule in Florida is that a party may be awarded attorney’s fees only when a statute or contract permits such an award.[3] Exceptions to the general rule lie in a few causes of traditionally equitable cognizance.[4]
Appellee urges that although attorney’s fees may not be allowable under any equitable principle or any specific statutory provision, they are allowable as costs of the suit. This question has been decided adversely to the appellee in Codomo v. Emmanuel, Fla.1956, 91 So.2d 653, and in the recent case of Riess v. Goldman, Fla.App.1967, 196 So.2d 184.
We therefore conclude that appellants have demonstrated error and that the allowance of attorney’s fees in the supplemental judgment must be reversed. Accordingly, the supplemental final decree entered on the 31st of May 1967 is affirmed except as to paragraph number two thereof which is to be stricken from the decree and the following paragraph inserted in its stead:
“(2). That the plaintiff is entitled to recover his itemized costs filed herein in the amount of $771.75, which sum is hereby taxed against the defendants, Selma Schwartz and Butler Realty Corp., a Florida corporation.”
Judgment modified and, as modified, affirmed.

. See § 55.52 Fla.Stat, F.S.A. (1965).

. See § 55.53 Fla.Stat., F.S.A. (1965).

. State ex rel. Royal Ins. Co. v. Barrs, 87 Fla. 168, 99 So. 668 (1924); Codorno v. Emanuel, Fla.1956, 91 So.2d 653; Larson v. Warren, Fla.1961, 132 So.2d 177.

. See Bay Biscayne Co. v. Baile, 73 Fla. 1120, 75 So. 860 (1917); A. J. Richey Corporation v. Garvey, 132 Fla. 602, 182 So. 216 (1938); Cooper v. Fulton, Fla. App.1963, 158 So.2d 759. Cf. Standard Lumber Co. v. Interstate Trust Co., 82 F.2d 346 (5th Cir.1936).