233 So.2d 659 (1970)
Milton WEISENBERG, Appellant,
v.
Charles H. CARLTON and Marilyn F. Carlton, His Wife, and Alberta Carlton Hayes, a Free Dealer, and H.C. Williamson and Lolita T. Williamson, His Wife, Appellees.
No. 69-292.
District Court of Appeal of Florida, Second District.
April 3, 1970.
Joseph C. Jacobs and Larry G. Ullensvang of Ervin, Pennington, Varn & Jacobs, Tallahassee, for appellant.
Raymond E. Ford, Fort Pierce, for appellees.
LILES, Acting Chief Judge.
Appellant, defendant below, brings this appeal from a final judgment of the Circuit Court of the Tenth Judicial Circuit which, inter alia, taxed him for plaintiffs' attorneys' fees.
Appellant was the assignee of a second mortgage on certain property in Highlands County, Florida, and a note assigned by the mortgage as collateral security. He refused to deliver a satisfaction of the mortgage and the note to appellees. Appellees then brought suit against appellant in the court below to quiet title in this property. Appellant filed an answer to the complaint, denying that the mortgage and the note had been satisfied in full and denying that he had entered into stipulation settling all issues in the case in the United States District Court for the Southern District of Florida. Furthermore, appellant counterclaimed, alleging a balance due under the collateral note and praying for foreclosure of the mortgage. Appellees replied, denying that any balance was due appellant, and additionally alleging that appellant was guilty of fraud in bringing the counterclaim. The reply prayed for costs, including reasonable attorneys' fees.
Thereafter, appellant was advised by one of his attorneys that he was not due any amount of money under the note and mortgage in question, and was advised to give appellees a quitclaim deed to the property. According to appellant, appellees conditioned their acceptance of this deed upon the receipt of $15,000-$16,000 from appellant. Appellant rejected these terms.
Prior to trial without a jury, appellant filed a motion for leave to file an amended answer and dismiss his counterclaim, and *660 a motion to strike appellees' request for attorneys' fees embodied in their answer to the counterclaim. Appellant admitted in his motions the truth of all allegations in the appellees' complaint. Upon hearing, appellant's motion for leave to file an amended answer and to dismiss his counterclaim was granted. However, his motion to strike was denied. After trial before the circuit court on the issues of attorneys' fees and costs only, final judgment was entered in favor of appellees: (1) removing the assignment of mortgage as a cloud on their title; (2) declaring appellees to be owners of the land in fee simple; (3) for attorneys' fees, expenses and costs incurred by appellees through the fraudulent, malicious and inequitable conduct of appellant; and (4) denying appellant's motion to strike. An order taxing attorneys' fees, expenses and costs was later entered as part of the final judgment.
Appellant poses three questions for determination by this court. However, our resolution of the third point on appeal  whether the trial court erred in awarding judgment to appellees for attorneys' fees incurred by them in this action by reason of the alleged fraudulent, malicious and inequitable conduct of appellant  in favor of appellant makes consideration of the remaining points superfluous.
Examination of the law of this state, as well as the practice of other states, underscores the validity of the general rule set forth in 20 Am.Jur. Costs § 72 (emphasis added):
"The right to recover attorneys' fees from one's opponent in litigation as a part of the costs thereof does not exist at common law. Such an item of expense is not allowable in the absence of a statute or rule of court or in the absence of some agreement expressly authorizing the taxing of attorneys' fees in addition to the ordinary statutory costs. This rule is not changed by the fact that fraudulent or malicious acts are disclosed, although in certain circumstances fraud or malice may furnish a basis for the recovery of the expenses of litigation, including counsel fees, as an element of damages.
"The rule stated generally applies in equitable actions, but in certain cases attorneys' fees may be allowed as costs under the inherent powers of an equity court."
The first Florida case to consider the matter of fraud or malice as an exception to the general rule was Codomo v. Emanuel, Fla. 1956, 91 So.2d 653. There, a judgment was entered against appellant Janet Codomo and others in supplemental proceedings brought by appellees after an execution issued upon a prior judgment against Leonard Codomo and Belfran, Inc. was returned unsatisfied. Appellant was impleaded as a party defendant in the supplemental proceeding. The court gave final judgment against appellant, inter alia, for attorneys' fees incurred by appellees in supplementary proceedings. Upon consideration of the validity of this part of the trial court's judgment, the court reiterated its commitment to the doctrine that attorneys' fees cannot be taxed as costs in any cause unless authorized by contract or legislative authority. Although it is not entirely clear, consideration by the court of Leventhal v. Krinsky, 1950, 325 Mass. 336, 90 N.E.2d 545, indicates that the thrust of appellees' argument was that the piercing of the corporate veil to impose judgment on appellant also rendered her liable for attorneys' fees under a provision of a contract that was the subject of the unsatisfied judgment. This reasoning was rejected, and that part of the judgment taxing attorneys' fees was reversed. Thus the statement of the court that fraud or malice may modify the rule that the right to recover attorneys' fees as part of the costs must be provided by statute or contract is obiter dictum.
We cannot disregard this statement, for dictum of the Florida Supreme Court is not without value as precedent. Milligan v. State, Fla.App. 1965, 177 So.2d 75. *661 Rather, we choose to avoid a literal interpretation that would make fraud or malice an exception to the rule against awarding attorneys' fees as part of costs. 14 Am.Jur. Costs § 63 and 15 Am.Jur. Damages § 143, cited by the court as authority for its statement, clearly state that the presence of fraud and malice may not bring forth an exception to the rule. Rather, these elements may furnish a basis for recovery in certain circumstances, e.g., a suit for malicious prosecution, as an element of damages.
We are able to uncover only one other Florida case on point.[1] In Baya v. Central & Southern Florida Flood Control District, Fla.App. 1966, 184 So.2d 501, this court had before it the issue of whether a trial judge erred in not taxing costs against the Williams heirs, who were appellees in the appeal, for attorneys' fees and other expenses incurred by appellants' resistance of a contempt order allegedly obtained by the Williams heirs through fraud or malice. In upholding the ruling of the trial court, we acknowledged a general principle that "under certain circumstances of fraud and malice attorneys' fees may be taxed." However, when we found that these circumstances did not exist and thus upheld the ruling of the trial court, we had reference to the lack of an action based on fraud or malice in which the costs of attorneys' fees in resisting the contempt order could be recovered as an element of damages.
After careful examination of the record and the trial court's order directing the payment of attorneys' fees by appellant, we find that the fees were clearly taxed as an element of costs, contrary to Florida law. That part of the final judgment and order below awarding judgment against appellant in favor of appellees for attorneys' fees in the sum of $4,000 is therefore reversed and remanded for action consistent with this opinion.
Reversed and remanded.
PIERCE and McNULTY, JJ., concur.
NOTES
[1] Additional cases cited by appellees either involved established exceptions to the rule disallowing attorneys' fees as a part of costs, Schwartz v. Sherman, Fla.App. 1968, 210 So.2d 469; Cooper v. Fulton, Fla.App. 1963, 158 So.2d 759, or involved recovery of such fees on the basis of contract. Riess v. Goldman, Fla.App. 1967, 196 So.2d 184.