SMITH, Judge.
Appellant Tucker filed this suit for a partnership accounting, then unilaterally dismissed it by serving a notice of dismissal without prejudice. Rule 1.420(a)(1), R.C.P. In taxing the defendant partners’ costs pursuant to motion filed by appellees after the dismissal, the trial court awarded $1,250 in attorneys fees. Rule 1.420(d). On Tucker’s appeal, that award is defended as an appropriate allowance incident to the disposition of a suit for partnership accounting. The principle allowing such awards is akin to that applicable when a claimant and his attorney have brought a fund into court for distribution. A. J. Richey Corp. v. Garvey, 132 Fla. 602, 182 So. 216 (1938); Cooper v. Fulton, 158 So.2d 759 (Fla.App.3d, 1963), cert. discharged, 165 So.2d 161 (Fla.1964). Here, however, the litigation was aborted and no fund was created. Even if an award of attorneys fees were appropriate for a prevailing party defendant in an action such as this, the appellees did not prevail by the voluntary dismissal of Tucker’s suit without prejudice.
The judgment awarding attorneys’ fees is REVERSED, appellees’ motion for an allowance of fees on appeal is DENIED, and the case is REMANDED for entry of a judgment awarding appellees’ costs at trial and appellant’s costs on appeal.
BOYER, C. J., and McCORD, J., concur.