## GENERAL FINANCE CORPORATION v. KIERNAN.
No. M-77-8491-S
County Court, Palm Beach County.
April 6, 1978.

Emmett J. Comiskey, West Palm Beach, for the defendant.

Madison F. Pacetti, Palm Beach, for the garnishee.

JAMES T. CARLISLE, County Court Judge.

This is an action for attorney's fees. The question to be decided is whether attorney's fees can be awarded to a judgment debtor who succeeds in having a writ of garnishment set aside.

Plaintiff General Finance Corporation obtained a judgment against defendant Kiernan. General Finance then obtained a writ of garnishment, naming Mrs. Kiernan's employer, Good Samaritan Hospital, as garnishee.

The writ required Good Samaritan Hospital to serve an answer within twenty days, stating whether it was indebted to Mrs. Kiernan. The writ did not make mention of Title XV USCA Sec. 1673 which provides that the maximum part of the earnings subject to garnishment may not exceed twenty-five percent of the weekly earnings, or the amount by which the weekly earnings exceed thirty times the federal minimum hourly wage, whichever is less.

Good Samaritan filed an answer to the writ saying it was indebted to Mrs. Kiernan in the amount of $218.03.

Mrs. Kiernan filed a motion to dissolve the garnishment, alleging that the writ was defective because it requested garnishment in excess of the amounts allowed by Title XV Sec. 1673. A hearing was had on Mrs. Kiernan's motion and the court entered an order dissolving the writ of garnishment, requiring Good Samaritan to give the $218.03 to Mrs. Kiernan, and awarding attorney's fees in an amount to be determined at a later hearing.

General Finance responded pointing out that there is no statutory authority for the award of attorney's fees in cases of this kind.[1]

In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser. Alyeska Pipeline Service Company v. The Wilderness Society, 421 U.S. 420, 44 L.Ed. 2d 141, 95 S.Ct. 1612. In Florida, there are many

---

1. I must observe that the Florida Garnishment Statute, Chapter 77, Florida Statutes, does not provide an effective remedy for the judgment creditor and, sometimes, places an intolerable burden on the judgment creditor. It costs the judgment creditor $27.50 to obtain and serve a writ of garnishment. Under Title XV Sec. 1673, the recovery on the writ is often less than this amount. The costs, however, are taxable against the judgment debtor. As happened in this case, the garnishee often withholds the entire paycheck from the judgment debtor. This is often exactly what the judgment creditor had in mind, because, if nothing else, it gets the debtor's attention. A far better legislative scheme would be to permit continuing garnishment up to the amount allowed by Title XV Sec. 1673, and a nominal bookkeeping fee to the garnishee, until the debt is liquidated. It would then not be necessary to continue to bring garnishment actions on a weekly basis.

cases holding that it is elemental law that attorney's fees may be awarded a prevailing party only where authorized by contract, where authorized by statute, and where awarded for service performed by an attorney in creating or bringing into the court a fund or other property, Kittel v. Kittel, 210 So.2d 1 (Fla. 1967), Harris v. Harris, 138 So. 2d 376 (Fla. App. 1962), Brooks v. Florida Home Mortgage Company, 165 So. 2d 238 (Fla. App. 1964), Schwartz v. Sherman, 210 So.2d 469 (Fla. App. 1968), Re Fields Estate, 121 So. 2d 46 (Fla. App. 1960). This is so, it is said, because an award of attorney's fees is in derogation of the common law. Riviera v. Deauville Hotel Employer's Service, 227 So. 2d 265 (Fla. 1973), Alyeska, *supra,* Codomo v. Emanuel, 91 So. 2d 653 (Fla. 1956).

The common law and statute law of England, as it existed as of July 4th 1776, is the law of the state of Florida, in so far as it is not inconsistent with the constitution and laws of the United States or of the state of Florida. Sec. 2.01, Florida Statutes.[2]

As early as 1278 the courts of England were authorized to award counsel fees to successful plaintiffs in litigation. The Statute of Gloucester, which mentioned only "costs of his writ purchased," was liberally construed to encompass all costs, including attorney fees, Fleisschman v. Maier Brewing Co., 386 U.S. 714, 18 L.Ed. 2d 475, 87 St. Ct. 1404, at footnote 7.

> "Similarily, since 1606 English courts have been empowered to award counsel fees to defendants in all actions where such awards might be made to plaintiffs. Rules governing administration of these and related provisions have developed over the years. It is now customary in England, after litigation of substantive claims has terminated, to conduct separate hearings before special 'taxing masters' in order to determine the appropriateness and the size of an award of counsel fees."
> Alyeska, *supra,* at footnote 18.

Florida Statutes authorizing the award of attorney's fees have no rhyme or reason, no why or wherefor. For example, Sec. 61.16 Florida Statutes authorizes attorney's fees in divorce actions; Sec. 73.091 Florida Statutes provides for attorney's fees in eminent

2. I question the wisdom of statutes grafting the common law of England to the law of Florida. Its rules were developed in feudal times, an age of dense ignorance, crude customs, and primitive society, when slight value was attached to life or liberty, when commerce was almost unknown and property was of little value. Quinn v. Phipps (1927), 113 So. 419. It was because of dissatisfaction with the law of England that the Declaration of Independence was signed on July 4th, 1776. But, like a bastard child, I must accept the heritage imposed on me by Sec. 2.01, Florida Statutes.

domain proceedings; Sec. 83.49(3)(c) Florida Statutes allows the prevailing party to recover attorney's fee in landlord/tenant disputes over security deposits; Sec. 170.10 Florida Statutes provides for attorney's fees in collections of tax and special assessments by a city; Sec. 319.19 Florida Stautes provides attorney's fees in actions for failure to supply satisfaction of a lien upon a motor vehicle — see also Sec. 350.62 Florida Statutes, proceedings to compel observance of rates and regulations of Railroad and Public Utilities Commission; Secs. 356.04 and 356.07 Florida Statutes provide for attorney's fees in actions involving violation of laws requiring railroads to be fenced; Sec. 440.34 Florida Statutes provides for attorney's fees in workmen's compensation proceedings; Sec. 506.16 Florida Statutes provides for attorney's fees in actions to recover milk bottles(??); Sec. 517.21 Florida Statutes provides for attorney's fees in proceedings under unlawful sale of securities; Sec. 601.66 Florida Statutes provides for attorney's fees in suits involving complaints of violations by citrus fruit dealers.

A plaintiff who sues to recover a debt is not entitled, under the present rule, to recover attorney's fees. Yet a plaintiff who sues to recover milk bottles is. The owner of livestock killed by a train on an unfenced railroad may recover double the value of the cow, plus reasonable attorney's fees, while a victim of an intentional tort is limited to actual damages and no attorney's fees. The Department of Agriculture can recover a reasonable attorney's fees if it prevails against a surety company for payment of the proceeds of a citrus fruit dealer's bond, but an employee who sues for wages unlawfully withheld, as in this case, may not.

Absurd.

The helter-skelter statutory authorization of attorney's fees defies any reasonable classification. Consequently, the application of a rule of law prohibiting the award of attorney's fees, unless authorized by contract or statute, denies equal protection to litigants not graced by the legislature.

It is simply not true that attorney's fees may only be awarded where authorized by statute or contract. The court has awarded attorney's fees under its rule-making power. Rule 1.310(g)(1)(2), R.C.P., provides attorney's fees for failure to attend a deposition.

The rule that attorney's fees are not recoverable in the absence of statute or contract is a cloth so torn by exceptions that we would do better to discard the cloth and weave a garment from the exceptions. A reasonable attorney's fee may be allowed the prevailing party in a civil contempt proceeding for the investigation and prosecution of the contempt proceedings, 43 ALR 3rd 793. Attorney's fees have been allowed for defending against a contempt order when no contempt was found, Baya v. Central and Southern

Florida Flood Control District, 184 So.2d 501 (Fla. App. 1966). In an action for false imprisonment or arrest, or in an action for malicious prosecution, the plaintiff may recover attorney's fees, Miami Beach v. Bretagna, 190 So.2d 364 (Fla. App. 1966); see also annotation on this subject, 21 ALR 3rd 1064. An attorney representing a class may recover from persons in the class benefited by his labor, Kenny v. Miami Beach, 11 So.2d 188 (Fla. App. 1942), Trustees v. Greenough, 1882, 105 U.S. 527, 26 L.Ed. 1157. See annotation on the general subject at 38 ALR 3rd 1386. See also 55 ALR 2d 980.

By an unreported order, dated August 14th, 1951, the Supreme Court of Florida in Dade County News Dealers Supply Company v. Southern Bell Telephone and Telegraph Co., apparently ruled that attorney's fees could be recovered against a party because of inequitable or oppressive conduct. The News Dealers obtained a temporary restraining order against Southern Bell to enjoin the removal of their telephones. The telephones had been used for gambling purposes. The telephone company made a motion that the Supply Company should be required to pay their attorney's fees. On August 14, 1951, the Sureme Court denied a motion to assess these counsel fees "without prejudice to further proceedings in the trial court." Subsequently, a petition for attorney's fees was filed in the circuit court of Dade County and an order entered taxing the attorney's fees against the News Dealers. See Florida Law Journal, July 1962.

Allowing the prevailing party to recover reasonable attorney's fees as an item of damages would clear court calendars of spurious law suits. I am pursuaded that in all too many cases counsel shoot first and ask questions later. An awareness that the loser is liable for the winner's attorney's fees would prompt thorough investigation and research prior to filing a complaint. Likewise, the same knowledge would spur a settlement and discourage stonewalling.

In this case, the wages withheld are $218.03. There is an affidavit in the file indicating that a reasonable attorney's fee would be $200. There is an allegation in the motion to set aside the writ of garnishment to the effect that Mrs. Kiernan has obligated herself to pay a reasonable attorney's fee. The application of the rule of law that denies attorney fees would mean that her net recovery was $18.03. Loss of wages to attend a court hearing results in a deficit. In upholding a statute authorizing attorney's fees in workmen's compensation cases, the Florida Supreme Court, in Hunter v. Flowers, 43 So.2d 435 (Fla. 1949), observed that since the recovery was usually small, to require workers to pay their own counsel fees and suffer the loss of wages to go to court would make acceptance of the amounts offered by the employer practically mandatory.

In Rolax v. Atlantic Coast Line Railroad Company, (1951) 186 Fed. 2d 473, at 481, it was noted that allowing attorney's fees was justified where —

". . . plaintiffs of small means have been subjected to discriminatory and oppressive conduct by a powerful labor organization which was required, as bargaining agent, to protect their interests. The vindication of their rights necessarily involves greater expense in the employment of counsel to institute and carry on extended and important litigation than the amount involved to the individual plaintiffs would justify their paying. In such situation, we think that the allowance of counsel fees in a reasonable amount as a part of the recoverable costs of the case is a matter resting in the sound discretion of the trial judge."

Mrs. Kiernan's situation is no different. The application of a rule of law that would require her to forego her rights under Title XV Sec. 1673 is clearly a taking without due process.

Despite abundant authority to the contrary, the court rules that an award of attorney's fees in this case is both morally and constitutionally necessary. Plaintiff is, therefore, ordered to pay defendant $200 as a reasonable attorney's fee.