367 So.2d 682 (1979)
Alvin E. TOBIN, M.A., P.A., Etc., et al., Appellants,
v.
Lawrence LEFKOWITZ, M.D., Appellee.
Nos. 78-353, 78-354.
District Court of Appeal of Florida, Third District.
February 6, 1979.
Rehearing Denied March 9, 1979.
Horton, Perse & Ginsberg and Edward A. Perse, Brumer, Moss, Cohen & Rodgers, Miami, for appellants.
Schwartz, Klein & Steinhardt and Norman S. Klein, North Miami Beach, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
SCHWARTZ, Judge.
No abuse of discretion has been demonstrated in the trial court's determination *683 of the amount of expert witness fees for the plaintiff's accountants who testified at the trial. Keith Investments, Inc. v. James, 220 So.2d 695 (Fla.4th DCA 1969); State Road Department v. Outlaw, 148 So.2d 741 (Fla.1st DCA 1963). That portion of the cost judgment appealed from is therefore affirmed.
The trial court erred, however, in taxing a sum for the plaintiff's attorney's fee as costs against the appellants-defendants, since there is no statutory or contractual basis for such an award. E.g., Adler v. Adler, 365 So.2d 411 (Fla.3d DCA, 1978). An exception to the rule which ordinarily precludes the recovery of attorney's fees exists when as in Cooper v. Fulton, 158 So.2d 759 (Fla.3d DCA 1963) cert. disch. 165 So.2d 161 (Fla. 1964), one partner secures an accounting from another. However, that exception does not apply in this case because, while one count of the complaint sought a formal accounting, that count was in effect abandoned, and the case was tried to a jury as an ordinary damage suit. See Tucker v. Ayres, 336 So.2d 1224 (Fla.1st DCA 1976); Coffman v. Jordan, 305 So.2d 227 (Fla.4th DCA 1974).
The $5,000.00 award of attorney's fees is therefore stricken from the judgment under review which is otherwise affirmed.
Affirmed as modified.