DONALD A. BARTLETT, JR., & another *vs.* DONALD R. SMITH. June 30, 1980. The defendant is appealing from that part of a judgment entered in the Superior Court denying his claim for counsel fees and expenses incurred in the present action to enjoin foreclosure and to redeem and discharge the mortgage and in two of three prior related actions[1] in which he and the plaintiffs were involved.

Pursuant to G. L. c. 231, § 6G, a single justice of this court has previously heard and ruled on the two earlier cases (Nos. 38190 & 38465). As no question of the propriety of those orders is before us, we need not discuss either of them any further.

As to the instant case (No. 39095), we agree with the reasoning and determination of the Superior Court judge that this "action . . . was occasioned . . . by the improper [refusal] of the mortgagee [defendant] to accept the proper tender by the mortgagor [plaintiffs] of the mortgage indebtedness," and as such, the legal fees and costs of these proceedings are not collectible as part of the mortgage indebtedness. See *Bangs* v. *Fallon,* 179 Mass. 77, 85 (1901); *Leventhal* v. *Krinsky,* 325 Mass. 336, 341 (1950). Under the provisions of the mortgage note, the defendant was entitled only to the fees and costs arising out of and incidental to the foreclosure action. See *id.* at 343.

Neither party is to have costs of appeal. Mass.R.A.P. 26(a), 365 Mass. 873 (1974).

*Judgment affirmed.*

*Herbert F. Lach, Jr.,* for the defendant.
*Frederick C. Mycock (George T. Zevitas* with him) for the plaintiffs.


---

[1] The judge awarded the defendant legal fees and costs incurred in his initial foreclosure action (No. 38436), and that ruling is not now being challenged. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).